Eccles, Guardian v. Hill, Adm'r.

Where the administrator of the payee of a note, which had been given for the hire of certain slaves, sued the maker, and on the eighth day of the return Term, being the same day the case was called for trial, a third party filed a petition in intervention, and notified the plaintiff thereof, in which it was alleged that the slaves belonged to the intervener, and that the plaintiff's intestate had acted as his agent in hiring them to the defendant, and prayed judgment accordingly, and it appeared that the ownership of the slaves was in controversy in another suit between the plaintiff and intervener, it was held that the Court below erred in refusing to entertain the petition in intervention.

Error from Fayette. Warren J. Hill, administrator of the estate of Martha Hill, deceased, brought suit against William W. Williams, on his promissory note, drawn in favor of his intestate for $150; the consideration being the hire of two negroes, Marian and Missouri, for the year 1853. Williams answered, among other things, that before the hiring, the said Martha Hill, in her lifetime, had conveyed the said negroes to Albert G. Hill, and that he had been notified by James C. Eccles, guardian of said Albert, not to pay said note to the said Warren J. Hill, and prayed for his protection that the said guardian might be made a party, and that the said administrator and guardian might litigate the right to receive the payment of said note. Four days after this answer was filed, being the same day the case was called for trial, the said Eccles, guardian, filed a petition in intervention, and notified the plaintiff's attorney thereof, in which he alleged title in his ward, Albert G. Hill, to said negroes, made by the said Martha in 1852 before the hiring, and that at the time of the hiring, the said Martha was only acting as the agent of the said Albert; and that the sum of money in the said note is due and payable to your petitioner. Wherefore he prays that he may be permitted to intervene, &c. The Court refused to entertain the petition of intervention, on the ground, as was stated

in the bill of exceptions, that the ownership of the negroes was involved in a suit pending in that Court between said administrator and guardian, and the latter would not be prejudiced by the funds going into the hands of the former, if any right he had under the alleged deeds from Martha Hill. Judgment for the plaintiff. Writ of error by the intervener.

*Webb & Harcourt*, for plaintiff in error.

HEMPHILL, CH. J. Had the slaves about whose hire this contest arises, been claimed by Martha Hill, in her lifetime, adversely to the minor Albert G. Hill, and had this been known to Williams at the time of hiring, there would have been no error in rejecting the plea of intervention. The contract for hire would have been made by defendant with a full knowledge of the adverse claims of the intervener, and the defendant could not have invoked the aid of the Court to relieve him from discharging his obligations to the plaintiff according to the terms of their contract. Nor, under such circumstances, could the minor or his guardian intervene to stay the performance of the contract or delay judgment to enforce it. What, under such state of facts, might be the right of the minor to intervene, if the litigants were insolvent, and recovery of hire from them might, if postponed until the termination of a suit brought for that purpose, be endangered, need not be considered. No such insolvency, actual or anticipated, appears in this case; and no bar could be raised against immediate judgment for the plaintiff, if the defendant, at the time of the contract, had full knowledge that Martha Hill claimed under an adverse title. But it does not appear that her claim was adverse to that of the minor, or if so, that it was known to defendant. The latter knew and he alleges in his answer, that Hill had conveyed said slaves to the minor. But in the transaction of hiring she might have been acting as the agent or for the benefit, or at least not in contravention of the interests

of the minor; and if so the hire, if demanded by the principal, he being the owner of the property, should be paid to him, and not to the agent or her legal representative. If Martha Hill had but an agency, if the negroes were not in fact her property, the hire would not properly form a portion of her estate; and the defendant could not, with safety, pay to her representative, and especially such portion of the hire as accrued after demand by the intervener.

· It is expressly alleged in the plea of intervention, that the property had been conveyed by Martha to A. G. Hill, and that in the transaction of hiring, she was acting as the agent of Albert. If such were the facts, and this is his allegation, his right to intervene for the benefit of his ward could not be denied. The fact that the title to the slaves was in litigation in another suit, should not have operated to dismiss the plea of intervention. Under the facts, it furnished a ground for the suspension of the judgment claimed by the plaintiff, until the title had been adjudicated.

The rules in relation to the plea of intervention are (at least some of them) not well settled. There is no doubt that under our system which abhors a multiplicity of suits, a third party may intervene in a suit between others, for the protection of his own rights. But this cannot be permitted where it would retard the principal suit so as to operate injustice to others. But in this case the plaintiff could not allege that he was taken by surprise. The defendant in his answer had already set up the same matter, and claimed the protection of the Court. The title was in the process of litigation in another suit, and the plaintiff was or should have been prepared to sustain the issue there made. The intervener asked for no time, and consequently this was not a case where the principal suit could have been said to be, in a legal or just sense, delayed. The judgment, it is true, might have been suspended for some time; but for this there would have been sufficient grounds. For aught that appears, this may have been a case of agency, known to the defendant to be such at the time of the contract. Both

parties claim, it may be said, under the same title; and it seems that the defendant might in such a case, under the ordinary rules of equity, claim as he did in his answer, that the parties claimant should interplead. But at all events, and whatever may be the rights of the defendant, under the facts of this case, the third party, under the more enlarged remedy of intervention, might come in and assert his rights. This would save the necessity of another suit against the administrator for hire; and the Court having all parties before it, could make such order as would ultimately and without further costs secure the fund to the successful litigant. Judgment reversed and cause remanded.

Reversed and remanded.