J. PRESLEY FLEMING v. H. SEELIGSON AND W. A. ELLIS.

(Case No. 1315.)

1. FRAUD — JUDGMENT.— Fraud perpetrated in procuring a judgment does not render it void; it but constitutes the legal ground on which such judgment may be avoided, if relief be sought in the proper manner and within the proper time.

2. JUDGMENT — DEATH OR INSANITY OF DEFENDANTS — VOID AND VOIDABLE.— When the court has acquired jurisdiction of the persons of defendants by service of citation, appearance and answer, the subsequent death or insanity of these parties during the pendency of the suit does not render the judgment against them void, they at the time being represented by counsel, and no suggestion of the death or insanity having been made.

3. BILL OF REVIEW — LIMITATION.— After the expiration of two years from the date of such judgment, or the removal of the disability of insanity, there being no concealment, in the case of fraud, preventing its discovery, it is too late to maintain a suit to set the judgment aside as voidable.

4. CONSTITUTIONAL LAW.— Sec. 14, art. XII, of the constitution of 1869 does not apply to suits of that character.

5. INTERVENTION — PURCHASER PENDENTE LITE.— One who, pending a suit involv-
ing property, purchases at a trust sale the interest of one of the parties in that
property, occupies a position entitling him to intervene in that suit.
6. SAME — NOTICE OF INTERVENTION.— Parties properly before the court are re-
quired to take notice of a petition of intervention, filed by leave of court, and
though at the time of such intervention and judgment for intervenor, one of the
defendants against whom judgment was rendered was dead, and another tempo-
rarily insane, yet, the court having acquired jurisdiction over them, and they hav-
ing appeared and answered, being represented by counsel, and no suggestion
being made of record of the death or insanity, the judgment rendered was not a
nullity, but was only voidable.
7. INTERVENTION — RIGHTS OF INTERVENOR.— Where at the time the intervenor
gets leave and comes in, the whole interest in the property is in controversy in the
suit, he may litigate his right to the entire property.

APPEAL from Galveston. Tried before the Hon. Gustave Cook, as
special judge, the Hon. Wm. H. Stewart being disqualified.

This suit was instituted January 21, 1878, by J. Presley Flem-
ing against Henry Seeligson and Wm. A. Ellis, the petition being
in the ordinary form of trespass to try title to lots 1, 2 and 3, in
block 84, in the city of Galveston. By amended petition filed April
18, 1878, the plaintiff sought to have a certain judgment and two
different sales under different deeds of trust, under all of which de-
fendant Seeligson claimed title, vacated and declared fraudulent and
void, and to have a new trial of the case in which that judgment
was rendered. The history of this judgment and of these deeds of
trust and sales, as given in the amended petitions of plaintiff, em-
braces the following statements: The judgment attacked was ren-
dered in a suit commenced in the district court of Galveston county
October 29, 1872, by Henry C. Bradbury and Josephine L. Cooke,
joined by her husband, Wm. N. Cooke, against J. Presley Fleming
and Emma, his wife, and H. C. Drew, their tenant, and against
Simon A. Bradbury, claiming title to an undivided two-sixths of the
lots now in controversy, admitting the right of Simon A. Bradbury
to one-sixth and of Fleming and wife to three-sixths, seeking a re-
covery of their two-sixths interest, and asking partition. Fleming
and wife answered, asserting title in themselves to one of the lots.
Simon A. Bradbury appears to have been represented by a guardian
ad litem, appointed by the court. In this case, on March 5, 1875,
Henry Seeligson, by leave of court, intervened, alleging that he was
the owner of the lots and was in possession; that the claims of all
other parties were without foundation, and cast a cloud on his title,
asking judgment divesting them of all title or claim, and that he be
quieted in his title. On the same day the case was tried, and ver-
dict and judgment rendered in favor of Seeligson according to his

prayer, the entry of the judgment reciting that all parties appeared by their counsel.

The plaintiff alleged that at the date of this judgment he was absent accidentally in New York city, being *non compos mentis*, and without any legal guardian, and that he remained in that condition until in the latter part of A. D. 1875; that his wife Emma had died July 27, 1873, and that the judgment was entered without her death having been suggested; that she left a will making her husband, J. Presley Fleming, her sole devisee; that previous to her death her husband, J. Presley Fleming, acting under a power of attorney from her, had made a note for $5,000, secured by deed of trust on the lots, to M. V. McMahon, the purpose being to borrow money upon said property (but no money was borrowed upon this transaction); and that the note and trust deed, though then believed by him to be valid, were invalid because the wife was not joined by her husband in their execution. The second of the trust sales attacked, and at each of which Seeligson was the purchaser, was under this deed of trust.

The first sale was alleged to have grown out of a note for $5,000 secured by deed of trust to W. B. Sorley, executed by J. P. Fleming on August 20, 1874, as collateral security for cash advances to be made by the Home Insurance and Banking Company. The first sale was made to collect a balance of $1,500 on this note on January 13, 1875, by a substitute trustee alleged to have been improperly appointed, was alleged to have been made without notice for the required time, and that at the sale, Seeligson, who became the purchaser for $1,000, gave notice that he held a valid note and deed of trust for $5,000 upon the property of older date, and that a suit was pending involving said property. In the meantime, it was alleged, Ellis had procured the first $5,000 note for a small sum, and under the first deed of trust a second sale was had by the same substituted trustee. At this sale Seeligson gave notice of the prior sale and of the suit, and became the purchaser for the sum of $5,000, no money having been paid at either sale. It was charged that at each of these sales bidders were deterred from bidding by the notice given; that the sales were made by a substitute trustee without authority, without due notice, etc.; also, that at the time of each sale plaintiff was absent and *non compos mentis*.

The pleadings stated that the attorneys for plaintiff in the suit in which Seeligson intervened, were deceived into the belief that Seeligson had acquired title by reason of his purchases at these trust sales, and made no defense; that the judgment was a surprise

to him, and that he was unable by any diligence to have anticipated or prevented the same.

Ellis answered, disclaiming any interest except under Seeligson. Seeligson filed a general demurrer, also a special demurrer to the amended petition, except in so far as they sought to establish title in Fleming accruing since the judgment of March 5, 1875, and specially to so much of the petition as sought to reopen and set aside the judgment aforesaid, because the petition and allegations were insufficient, were not verified by affidavit, and that as to said judgment and all new matters set up in amended petitions, the same were barred by the lapse of time and the laws of limitation and prescription.

The general demurrer was overruled, but the special demurrer was sustained. Seeligson had also filed a denial of the allegations of the petition, especially all charges of fraud, and had set up the judgment of March 5, 1875, by way of estoppel.

The court charged the jury as follows: "The judgment and decree of the district court of Galveston county, rendered on the 5th of March, 1875, No. 5545, and in evidence, was then conclusive of the title to the property in controversy between the plaintiffs in this suit and the defendant Seeligson herein, and vested the same in Seeligson; and the plaintiff Fleming having shown no right or title to the property, or any part of it, acquired since that time, and the defendant Ellis having disclaimed title and possession, the jury will find a verdict in favor of the defendants."

A verdict was returned for defendants and judgment rendered accordingly, and a motion for new trial having been overruled, Fleming appealed.

*Wharton-Branch* and *Fred Bernard*, for appellant.

I. The judgment was void for want of jurisdiction of the subject matter. The court only acquired jurisdiction over the property sued for in plaintiff's petition, which was for two-sixths interest. McFadden v. McGreal, 25 Tex., 78–80; Hulme v. Janes, 6 Tex., 243; Fitzhugh v. Custer, 4 Tex., 398; Graham v. Roder, 5 Tex., 146; Sutherland v. De Leon, 1 Tex., 310; Rice v. Burnett, 39 Tex., 181; Hutchins v. Lockett, id., 169; Freeman on Judgments, p. 99.

II. An intervenor cannot change the nature and character of the suit, and can only be permitted to litigate his interest, if any, in the matter in controversy; and a judgment in favor of an intervenor for anything not put in issue by the plaintiff is void for want of jurisdiction. Hearne v. Erhard, 33 Tex., 66; Lee v. Salinas, 15 Tex.,

497; Clark v. Koehler, 32 Tex., 684; Dodd v. Arnold, 28 Tex., 101; Bradford v. Hamilton, 7 Tex., 58; Mussina v. Moore, 13 Tex., 9; Eccles v. Hill, 13 Tex., 65.

III. A judgment obtained without citation or notice is void for want of jurisdiction. McFadden v. McGreal, 25 Tex., 78–80; McCoy v. Crawford, 9 Tex., 359; Bryant v. Land, 25 Tex., 98, 99.

IV. A purchaser *pendente lite* cannot intervene in an action pending previous to and at the time of his purchase. His filing a plea therein is contrary to law, and does not make him a legal party to the suit, and a judgment rendered in favor of any person not a party to the suit is void.

V. A judgment obtained by fraud is void, and a demurrer admits the allegations in the petition to be true. Pruitt v. Farris, 5 Tex., 375; Williams v. Warnell, 28 Tex., 612; Rice v. Burnett, 39 Tex., 180; Hutchins v. Lockett, id., 169; Freeman on Judgments, p. 99; Drinkard v. Ingram, 21 Tex., 650; Tuttle v. Turner, 28 Tex., 773; Martel v. Hernsheim, 9 Tex., 294; Young v. Van Benthuysen, 30 Tex., 769; O'Connor v. Towns, 1 Tex., 107–117; Chambers v. Hodges, 23 Tex., 110, 111; Snow v. Hawpe, 22 Tex., 172.

VI. The statute of limitation does not run against a person *non compos mentis*, nor in favor of a fraud, and a fraudulent judgment may be vacated and set aside, or reopened, and a new trial had on its merits. Morrison v. Loftin, 44 Tex., 21–23; Taylor v. Fore, 42 Tex., 256; Brierly v. Clark, 48 Tex., 352; Ragsdale v. Green, 36 Tex., 194–197; Hough v. Hammond, 36 Tex., 659; 1 Story's Eq. Jur., secs. 227–229; Forbes v. Moore, 32 Tex., 199; Pasch. Dig., art. 4617; id., art. 7; Ripley v. Withee, 27 Tex., 17.

VII. Under the theory that the judgments and sales were only voidable, three years is the shortest period of limitation, where the suit is for land; the two years' statute only applies to suits for personal property. Limitation only runs from the date of adverse posession. Pasch. Dig., art. 4622; Becton v. Alexander, 27 Tex., 667, 668.

VIII. Under the theory that the judgment was only voidable, Fleming had seven years by the constitution in force at the date of the judgment, after removal of his disability, to institute suit, and at furthest, a less limitation did not commence to run until after the present constitution went into effect, on April 18, 1876, and appellants claim the limitation to have been arrested by the filing of the petition on January 21, 1878; if not, it certainly was stopped by the amended petition, filed April 18, 1878, this being in time, there being no retroactive law. Const. 1869, art. XII, sec. 14; sec. 16, Bill of Rights; R. S., p. 2; Scoby v. Sweatt, 28 Tex., 729.

IX. The two years within which to sue out a writ of error or bring a bill of review cannot be applied by analogy to the case. A suit to cancel a judgment void for fraud may be brought at any time. Seguin v. Maverick, 24 Tex., 535, 537; Thouvenin v. Lea, 26 Tex., 614; Moke v. Brackett, 28 Tex., 446; Martel v. Hernsheim, 9 Tex., 294; Giddings v. Steele, 28 Tex., 574; Hollingsworth v. Bagley, 35 Tex., 347.

X. The amount of litigation is determined by the amount claimed in the plaintiff's petition. An intervenor cannot enlarge the amount in controversy, or change the issue made by plaintiff, and the court had no jurisdiction of that part not put in issue by the plaintiff, and the judgment for the whole property, when only two-sixths is sued for, is void for want of jurisdiction.

XI. The court misconstrued the legal effect of the judgment in the Bradbury case. McFadden v. McGreal, 25 Tex., 78–80; McCoy v. Crawford, 9 Tex., 359.

*Willie & Cleveland*, for appellee.

I. The court did not err in sustaining the defendant Seeligson's special exceptions. Pasch. Dig., arts. 1496, 4616; Lewis v. San Antonio, 26 Tex., 317; Foster v. Wells, 4 Tex., 104; Weathered v. Mays, id., 389; Merle v. Andrews, id., 200; Tadlock v. Eccles, 20 Tex., 790; Fisk v. Miller, id., 572; id., 579; McAnear v. Epperson et al., Galveston term, 1881; Shannon v. Taylor, 16 Tex., 417; Goss v. McLauren, 17 Tex., 14; Watrous v. Rodgers, 16 Tex., 411; Cook v. De la Garza, 13 Tex., 444; Caperton v. Wanslow, 18 Tex., 132; Burnley v. Rice, Adams & Co., 21 Tex., 180; Vardeman v. Edwards, id., 741; Mills v. Alexander, id., 162; Freeman v. Neyland, 23 Tex., 529; Power v. Gillespie, 27 Tex., 370; 1 Greenleaf on Ev., secs. 528, 531, 535; Freeman on Judgments, secs. 132, 140, 153, 248, 260, 263, 334, 485, 502, 503; 30 Cal., 440; 32 id., 198; 36 id., 490; 2 Black., 606.

II. The judgment of the 5th of March, 1875, in suit No. 5545, was not void. The court had jurisdiction of the subject matter. The title to the lots was in issue between the original parties. The intervenor had a right to set up title to the lots adverse to all or either of the parties plaintiff or defendant, and by so doing did not change the nature of the suit. Pasch. Dig., art. 1405; Graves v. Hall, 27 Tex., 154; Smalley v. Taylor, 33 Tex., 669; Eccles v. Hill, 13 Tex., 67.

III. The original parties in cause No. 5545 being all before the court, and issue joined by their pleadings, were bound to take notice

of its proceedings and judgments. In contemplation of law, they had notice of the intervention of Seeligson, they being in court by their pleadings. Bryan v. Lund, 25 Tex., 99; Watrous v. Rodgers, 16 Tex., 411; Jordan v. Corley, 42 Tex., 286.

IV. The right of Secligson to the lots in question was established by the judgment of the 5th of March, 1875. It is *res adjudicata* by a court having jurisdiction of the parties and the subject matter, and cannot be impeached in a collateral action by an inquiry into the grounds on which that judgment was rendered or for any supposed error therein. Foster v. Wells, 4 Tex., 101; Weathered v. Mays, id., 387; Merle v. Andrews, id., 211; Shannon v. Taylor, 16 Tex., 417; and all other authorities before cited.

V. A demurrer admits only the facts which are well pleaded, but not conclusions of law deduced by the pleader from the facts by him alleged. The facts alleged do not impute fraud in obtaining the judgment of the 5th of March, 1875, but vice in the cause of action for which it was obtained. The judgment is conclusive. Gould's Pleading, 461, 471.

VI. After the lapse of more than two years from the judgment of the 5th of March, 1875, and more than two years after the removal of any disabilities of the appellant, and more than two years after he discovered, or by diligence might have discovered, any supposed fraud affecting the judgment, he could not be heard to impeach it, even in a direct proceeding; much less can he in this collateral proceeding, upon allegations unsupported by affidavit, of vices simply in the cause of action upon which that judgment was obtained. Pasch. Dig., arts. 1496, 4616; Sutherland v. De Leon, 1 Tex., 309; Mitchell v. Menly, 32 Tex., 465; McAnear et al. v. Epperson et al., Galveston term, 1881; Houston v. Jennings, 12 Tex., 487; Vardeman v. Edwards, 21 Tex., 741; Mills v. Alexander, id., 162; Burnley v. Rice, Adams & Co., id., 180; Weathered v. Mays, 4 Tex., 389; Merle v. Andrews, id., 200; Adams' Equity, 6th Am. ed., top page 790, marg. p. 417; Lewis v. San Antonio, 26 Tex., 317; Fisk v. Miller, 20 Tex., 572; id., 581; and authorities cited under first counter proposition.

The appellees contest the appellant's sixth, seventh, eighth, ninth, tenth and eleventh errors assigned, and the several propositions thereunder, because not well founded in law or in fact, and to each and all of them make the following counter proposition:

The judgment of the 5th of March, 1875, in cause No. 5545, having been specially pleaded in bar by Seeligson, and Ellis having disclaimed title and possession, and the appellant not having shown,

nor offered to show, any right or title accruing to him subsequent to its rendition, was conclusive against the appellant of the title of Seeligson to the lots in question, and interposed a complete bar to this action.

BONNER, ASSOCIATE JUSTICE.— We will, as most favorable to the rights of appellant Fleming, for the purposes of this opinion, consider this as a direct proceeding in the nature of a bill in equity to review and set aside judgment in cause No. 5545 for alleged fraud, and not as an indirect proceeding in which this issue is collaterally presented.

Thus viewed, both questions, whether that judgment is only voidable or is absolutely void, can be considered, when, if it were a collateral attack, the latter only could be.

The facts constituting the alleged fraud are specifically set out in the pleadings of appellant Fleming, in accordance with the proper practice under our statute, which requires a full and clear statement of the cause of action. Pasch. Dig., art. 1427; R. S., art. 1195.

There are also general allegations in the pleadings, that the former judgment is null and void by reason of the alleged fraud. These in effect are but the conclusions of the pleader arising upon the facts stated.

Under well established rules of pleading, the demurrer admits only the facts which are well pleaded, and not the conclusions of the parties deduced from these facts.

The alleged fraud did not render the judgment absolutely void, but voidable only. It was but the legal ground upon which, if relief was sought in the proper manner and within the proper time, the former judgment might be avoided, when otherwise it would remain in full force and effect. Murchison v. White, and authorities cited.

The same principle applies under the facts of this case, in regard to the death of Mrs. Emma Fleming and insanity of appellant J. Presley Fleming, as circumstances to show this fraud. The fact that the one may have died and the other have become insane during the pendency of the suit, and after the court had acquired jurisdiction of the person by citation, appearance and answer, and when represented by counsel, there being no suggestion of death or insanity, would not render the judgment void, but voidable only. Milam Co. v. Robertson, 47 Tex., 222; Taylor v. Snow, id., 462.

In this connection, it may be stated that under the will of Mrs. Emma Fleming, who died previously to the insanity of appellant,

he was her sole heir and representative, and was then before the court; and that he afterwards became again of sound mind, more than two years prior to the date when the former judgment was sought to be avoided.

Whatever may be the merits of this case by reason of the alleged fraud, were they properly before us, we are, under previous decisions of this court, precluded from their investigation, as the special de- murrer of Seeligson, that this proceeding was not instituted within the required time, was properly sustained.

It is now the established general doctrine of this court, that such suits should be commenced within two years from the rendition of the judgment sought to be avoided, or within two years after the removal of a legal disability existing at that date.    Murchison v. White, *supra;* McAnear v. Epperson; Chambers v. Hodges, 23 Tex., 104; Weaver v. Shaw, 5 Tex., 288.

That sec. 14, art. XII, Const. 1869, to the effect that married women, minors and insane persons shall not be barred of their rights of property by adverse possession or law of limitations of less than seven years from and after the removal of each and all their respective legal disabilities, does not apply in suits of this character, was expressly decided at the present term in McAnear v. Epperson, *supra.*

We do not think that the pleadings show sufficient facts to constitute such concealment of the alleged fraud in the appointment of a substitute trustee, or such diligent inquiry in regard thereto, as would prevent the running of limitation until its discovery, under the principles invoked in analogous cases.

The former judgment being then voidable only and not void by reason of the alleged fraud, and this suit not having been com- menced within the proper time to make that defense available, the only remaining material question in the case is whether the court had jurisdiction to render the judgment.

It is contended that Seeligson was a purchaser *pendente lite*, and as such had no right to intervene; that by his petition of inter- vention in which he claimed title to the whole of the property, he set up a new and different cause of action from that which was previously litigated between the original parties; and that as such in- tervenor, he could not legally do this, and particularly without addi- tional citation to them.    As has been often said, it is the policy of our jurisprudence to encourage the settlement in one and the same suit of all matters of litigation concerning the subject matter in controversy.

To this end, a third party by leave of the court can intervene when he has such interest in the subject matter, that had he first brought the suit as sole plaintiff, he might have recovered in whole or in part, or the suit been first brought against him as defendant, he might have defeated it in whole or in part. Pool v. Sanford, 52 Tex., 633; Smalley v. Taylor, 33 Tex., 668; Graves v. Hall, 27 Tex., 154; Eccles v. Hill, 13 Tex., 65.

Having due regard to the rules of practice, that the suit as between the original parties shall not be unreasonably delayed, it is believed that otherwise the intervention may be considered in the nature of a new suit, by which the rights of either the original plaintiff or defendants, or both, may be contested; ordinarily the statute of limitations would run against the intervenor prior to the date of filing his petition. That the claim of an intervenor may be acquired by voluntary sale from one of the parties litigant, pending the suit, was recognized in Berry v. Donley, 26 Tex., 738.

If, however, as in this case, the purchaser of Fleming's interest in the property in litigation was made by Seeligson under trust sale pending the suit to which Fleming was a party, we do not perceive why on principle he should not be permitted to have intervened and set up his title. To hold that Seeligson should not have been permitted to do this, but that he should have been required both to await and abide the result of the suit as between the original parties before he could sue, would virtually subject his rights to be prejudiced by delay, limitation and the action of other parties over whom he had no control.

It might have been to the interest of Fleming for his own benefit to have jeopardized the rights of Seeligson after his purchase, by delay, compromise or otherwise. It is the practice to require the original parties who were properly before the court to take notice at their peril of a petition for intervention filed by leave of the court. Bryan v. Lund, 25 Tex., 98; Jordan v. Corley, 42 Tex., 284.

If, at the date of filing the petition of intervention in this case, Mrs. Emma Fleming was dead and the appellant was temporarily insane, yet as the court had previously acquired jurisdiction over them, and they had appeared, answered, and were represented by counsel, and no suggestion was made of record of the death or insanity, the judgment, as before shown, was not a nullity, but voidable only. Even if it be conceded that an intervenor cannot litigate any greater interest than that set up by the original parties to the suit, which, however, is not admitted, still the record in this case shows that the whole interest in this property was at the time of Seelig-

son's intervention thus in controversy. It was a suit for title and partition, and which properly brought in question the title of all parties claiming an interest therein; and besides, Mrs. Emma Fleming and appellant, by virtue of the sale of David Bradbury, as survivor of the community of himself and his deceased wife, Julia, expressly claimed on the record title to the whole property.

AFFIRMED.

[Opinion delivered at Galveston Term, 1881.]