Opinion by
Walker, P. J.
§ 810. Party; interpleader of; rules as to; case stated. Appellee recovered judgment in justice’s court against appellant for $197 for a trunk and its contents. On appeal by appellant to the county court, she again recovered for the trunk and its contents, or for $175.25, the *715 value thereof, etc. The facts of the case were, that the trunk and contents were the property of appellee, and had been shipped to her over appellant’s line by one Minnie Oarr, from St. Louis, Missouri, to Fort Worth, Texas. By the terms of the shipment, appellant was to deliver to appellee the property, upon the payment of the sum of $195, claimed by said Minnie Oarr to be due her by appellee. Minnie Carr did not furnish appellant with any account of said indebtedness claimed to be due her by appellee. Appellee refused to pay the claim of Minnie Carr, and appellant refused to deliver her the trunk and its contents, and thereupon the appellee brought this suit to recover said property or its value. Appellant pleaded specially that it carried the property 0. 0. D., that is. under a contract with Minnie Carr to not deliver the same to appellee until appellee paid said claim of $195. Appellant prayed that Minnie Carr be cited to appear and be made a party in the suit, and be required to litigate the matters in controversy between her and appellee, and that the court make all proper orders in the case, to the end that appellant be protected, etc. This plea was not interposed until the case had reached the county court. On exceptions made thereto by appellee it was stricken out. Held: Article 1209, R S., provides that proper or necessary parties to a suit may be brought in by proper process upon such terms as the court may prescribe, but that they shall not be brought in at such time, or in such a manner, as unreasonably to delay the trial of the case. It was a matter, therefore, within the discretion of the court, under the circumstances attending the proposed action, to refuse to allow the party in question to- be brought in on any terms, if, in the sound judgment of the court, the doing so would unreasonably delay the trial of the case. The cause had been pending in another court where it had been tried, and no effort to make an additional party had been made, and in the county court, to which it had been appealed, no such application had been made until three weeks of the term had elapsed, and *716 within a very few days of the adjournment. The party sought to be made was a resident of another state, and the service of process on her involved the necessity of considerable delay. The law, in such a case, exacts diligence on the, part of a defendant, so as not to delay the plaintiff in obtaining a hearing, and it was the province of the court to determine whether sufficient diligence had been used, if the want of such diligence would have the effect to unreasonably delay the trial. In revising the action of a court in a matter involving the exercise of a sound legal discretion, it is a familiar rule that an appellate court will not interfere with the action thus taken, unless it appears that the court has abused its discretion in the given case. In this case, we cannot say that the discretion of the county court was wrongfully exercised. Appellant was not deprived, by the action of the court, of pleading and proving any defense which was necessary to its protection. Under the issues presented in the court below, and which were doubtless relied on at the trial in the county court, the appellant might have shown, if the facts warranted it, that the property which was the subject of controversy was in fact chargeable with the payment of the amount which appellant had been directed to collect before delivering the property to' appellee; and to make such a defense available in this, action, it was not necessary to the successful maintenance of that defense, that Minnie Oarr should be made a. party. If, however, the appellant wished to be effectually protected against the hazard, cost and vexation of future litigation on the same account from the claim of Minnie Carr, the remedy of interpleader was certainly appropriate; a remedy which equity practice fully sanctions, but it is one to be sought at the hands of the court at the proper time, which, as has been seen, our statute defines to be such time as will not unreasonably delay the adverse party in obtaining a trial. [Eccles v. Hill, 13 Tex. 67; Van Bibber v. Greer, 12 Tex. 18; 3 Pom. Eq § 1320, and note 1.]
*717 § 811. Same; bailee, agent or tenant cannot interplead bailor, principal or landlord. But it seems, from the authorities, that appellant was not entitled, upon the facts of the case, to interplead Minnie Oarr, the bailor, in this suit. To entitle a party to the relief of inter-pleader, he must have incurred' no independent liability to either of the claimants. “In pursuance of this doctrine,” says Pomeroy, “if a bailee is sued by his bailor, or an agent by his principal, or a tenant by his landlord, and at the same time a third person asserts a claim of title adverse and paramount to that of the bailor, principal or landlord, a suit of interpleader cannot, in general, be maintained against the two conflicting claimants; since, from the very nature of the relation, there is an independent personal liability with respect to the subject-matter of the bailee to his bailor, of the agent to his principal, and of the tenant to the landlord.” [3 Pom. Eq. § 1326 and note 2.] “The exception of the universality in the application of the rule exists in those cases in which the title of the opposing claimant is derivative under, and not antagonistic and paramount to, that of the bailor, principal or landlord. An interpleader is allowed whenever the adverse claim originates from some act of the bailor, principal or landlord, done or suffered, after the commencement of the bailment, agency or tenancy, and causing a dispute as to which of the parties is entitled to the thing, fund or duty. The claim of the third person, instead of being under an independent, antagonistic, paramount title, must be made under a title derived from that of the bailor, principal or landlord; it must acknowledge, and not deny, such original title.” [3 Pom. Eq. § 1321.]
§ 812. Conclusions of trial judge; failure to file cannot be considered, unless, etc: It is assigned that the court erred in refusing to find and file, as required by law, its conclusions of facts and law. It does not appear by bill of exceptions or otherwise whether the court was asked to do so at any particular time during the trial proceedings, *718 nor that the court’s attention being called to the appellant’s request to do so, refused to comply with it. The record shows only that a motion to that effect was filed on the last day of the court — the samé day on which the cause was disposed of. We cannot, therefore, revise the action complained of, so as to determine that the court failed to accord to appellant the right which was claimed, nor that appellant asked it at a time or under circumstances which required the court to grant it.
May 4, 1885.
Affirmed.