### Wharton Branch v. C. Anson Jones et al.

#### No. 78.

1. **Intervenor—His Right to Resist a Dismissal of the Suit.**—If appellant's petition as intervenor showed by its averments that he had an interest in the subject matter of litigation, and a cause of action against either the plaintiff or defendant, it was his privilege to prosecute his suit to final judgment, and it was error in the court to dismiss his suit.

2. **Land Locator—His Interest in the Land.**—The law gives the surveyor who locates certificates for another no interest in the land located upon. The petition discloses no contract between the intervenor and the defendant, by which the former was to have a portion of the land in controversy for his services; therefore the intervenor had no interest in the subject matter of the suit, and it was not error to allow the plaintiff to take a nonsuit, and the defendants to withdraw their answers, and to dismiss the suit.

Appeal from Angelina.    Tried below before Hon. L. B. Hightower.

*Wharton Branch*, for himself.— 1.  When the defendant sets up a case for affirmative relief, as in reconvention or cross-bill against the other parties to the suit, they become as defendants pro tanto, and can not dismiss his case against them, but he is entitled to a hearing on the same. Sayles' Civ. Stats., art. 4788, and notes; Graves v. Hall, 27 Texas, 148; 2 Texas, 429; 13 Texas, 74; 46 Texas; 161; 35 Texas, 267; 48 Texas, 147; 51 Texas, 421; Schmidt v. Talbert, 74 Texas, 451; Cunningham v. Wheatly, 21 Texas, 184; 7 Texas, 55; 49 Texas, 697; 9 Texas, 363; 33 Texas, 358; Brown v. Pfouts, 53 Texas, 221; 3 Texas, 270; 9 Texas, 133; 53 Texas, 1.

2.  On the withdrawal of their pleadings, appellant was entitled to judgment as against all the parties.  Doss v. Slaughter, 53 Texas, 235; Connelly v. Williams, 22 Texas, 645; 4 Texas, 373; 5 Texas, 262; 43 Texas, 113; 58 Texas, 363; Graves v. Cameron, 77 Texas, 273.

*Ratcliff & Ingraham*, and *E. J. Mantooth*, for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—In 1884 John Durst instituted suit against John A. Chrystie, C. Anson Jones, Jacob Scherer, and W. W. Manning for the recovery of certain lands claimed by him under a grant alleged to have been made in 1810 by the Spanish Government.

The defendant Manning made no appearance in the suit.  The defendants Jones and Scherer, on the 13th of January, 1885, answered jointly, and filed a general demurrer and general denial; and answering further, they claimed to be the owners in fee of an undivided two-thirds of the lands sued for; and averred that plaintiff's alleged grant was void and was a cloud upon their title, and prayed that said pretended grant be cancelled and held for naught, and that they be quieted in their title and possession, and for costs of suit and for general relief.

On the 18th of July, 1885, defendant Chrystie answered by general demurrer and general denial.

On December 29, 1885, appellant filed petition of intervention, asserting title to an undivided one-third of the lands in controversy; and answering plaintiff's petition, demurred generally and specially thereto, and asserted a claim to one-third of the land by virtue of an alleged contract with defendant Chrystie for the location of certain certificates upon the public domain of the State of Texas, which locations were upon a portion of the lands claimed by plaintiff under his alleged grant.  He denied that he had knowledge at the time of his location of plaintiff's claim of title, and charged that the alleged grant did not cover all of the lands to which plaintiff was asserting title; and that his claim was greatly in excess of the grant; and he prayed for an order of survey, that the exact quantity of land included within the boundaries of the grant might be determined.

In the eighth paragraph of intervenor's answer he sets out his claim of title and prays for relief, which paragraph is in these words:

" Defendant further denying that his codefendants own all of the lands in question, respectfully represents, that he made the original location of said lands; that he is an attorney at law, and examined into the said pretended grant to Pedro Lara Posas and to Vincente Michelli, and that through his opinion and advice, and through the further fact of defendant having caused said supposed grant to be translated into English out of the Spanish language, which this defendant did and caused to be done shortly before the files were made on said lands, that it became known and understood by his codefendants that said lands were liable to location; and that at and before the making of such location this defendant had a contract with said John A. Chrystie, and those for whom and with whom he was acting; and that by reason thereof this defendant is entitled to be paid the reasonable value of his services in the premises, and that his co-defendants are liable and bound to pay the same; and that this defendant has never been paid anything whatever, and that his said services are reasonably and justly worth $10,000, or one undivided one-third of the land in controversy in case this defendant be paid in land; and that although the facts of the locating said lands were also well known to the other codefendants, they have never objected thereto, but have insisted thereon, and still claim two-thirds of the lands aforesaid, and have so waived all matters of controversy, as defendant is informed and believes, between them and said Chrystie and those for whom and with whom said Chrystie is acting, and have accepted such location and adopted the files as made by this defendant; and that such location is a valuable one, and has been ratified by and accepted by all of his codefendants, together with the benefits arising therefrom; but that said codefendants have never set apart any share of said lands so located by this defendant to him as his part thereof, nor otherwise paid him for his services in the premises, and he here now prays that one-third thereof be set apart to him as the reasonable share of and interest in said lands to which he is justly entitled, or that he have judgment in money for the reasonable value of his said services, to-wit, the sum of $10,000.  He prays also for costs and full and general relief."

To this plea of intervention the defendants Jones & Scherer and Chrystie answered by general demurrer and general denial; and defendant Chrystie, answering specially, denied that he had ever made a contract with the intervenor by which he agreed to convey him any portion of the said lands or to pay him any sum of money as compensation for his services; and averred, that when said lands were located the said Branch was in defendant's employment at a salary of $100 per month, with his expenses paid by defendant, and that said Branch was to receive no other compensation for his services, and that his salary and expenses have been

fully paid.    And the plaintiff likewise answered the intervenor's petition by general demurrer and general denial.

Upon this state of the pleadings all parties announced ready for trial on the 15th of July, 1891; and thereupon the defendants withdrew their answers, and the plaintiff took a nonsuit; and on his motion, over the objection of the intervenor, the suit was dismissed, both as to the plaintiff and defendants and the intervenor.    To this judgment the intervenor excepted and gave notice of appeal.

It is a well settled rule of practice in this State, that one having an interest in the subject matter of litigation between other parties may intervene in such suit for the purpose of asserting and protecting his interest. Eccles v. Hill, 13 Texas, 65, and Graves v. Hall, 27 Texas, 149.   If the appellant's petition showed by its averments that he had an interest in the subject matter of litigation, and a cause of action against either the plaintiff or defendants, it was his privilege to prosecute his suit to final judgment, and it was error in the court to dismiss his suit.  The State v. Loan and Trust Company, 81 Texas, 530.   The question therefore presented for our decision is, Does the petition of intervention show that intervenor has an interest in the subject matter of litigation?

The law gives the surveyor who locates certificates for another no interest in the land located upon; and unless the petition shows a contract between the intervenor and the defendant Chrystie, by which the former was to have a portion of the land for his services, the intervenor has no interest in the subject matter of litigation.   The petition discloses no such a contract.   The petition in intervention was, in our judgment, bad on general demurrer; and our conclusion is, that there was no error in the judgment of the court in dismissing the intervenor's suit and giving judgment against him for costs.

The judgment of the lower court is affirmed.

*Affirmed.*

Delivered March 23, 1893.