## Daniel McCray v. John D. Freeman.

Decided November 17, 1897.

**1.  Stale Demand—Correction of Judgment.**

A plaintiff recovered land in trespass to try title in October, 1883.  Defendant, after moving for a new trial, appealed, and judgment was affirmed in October, 1888. His suit then filed, to correct the original judgment, was brought too late.

**2.  Same—Injunction—Knowledge.**

An allegation that plaintiff believed that the judgment sought to be enjoined would be entered in accordance with an agreement with reference thereto, and was thereby induced not to look after the judgment, etc., was not sufficient to show that he failed to ascertain such fact in time to move for a new trial or correction of the judgment during the term, where he had prosecuted an appeal, giving supersedeas bond in which the judgment was described.

**3.  Trespass to Try Title—After Acquired Title.**

Defendant who failed to put in evidence a title acquired from plaintiff during the pendency of the suit is concluded by an adverse judgment from asserting such after acquired title against plaintiff.

**4.  Judgment—Parol Evidence as to Issue.**

Parol evidence of the purpose of the parties not to litigate their title, but only the question of boundaries of respective surveys, can not be received to control the effect of a judgment for the recovery of land.

Error to Bell.  Tried below before Hon. W. A. Blackburn.

For rulings in this case on former appeal see Freeman v. McAninch, 6 Texas Civil Appeals, 644; same case on writ of error, 87 Texas, 132.  For original suit, cause No. 1311, see McAninch v. Freeman, 69 Texas, 445.

*L. W. Goodrich, A. M. Monteith,* and *Jones & Sleeper,* for plaintiff in error.—1.  In the action of trespass to try title the judgment rests on the title held at the beginning of the suit; and if, pending suit, the plaintiff mortgages the land in controversy, or conveys the same away, there is nothing to hinder the defendant from buying it on foreclosure or acquiring title through the conveyance made by the plaintiff, and the title thus obtained will inure to his benefit, notwithstanding the fact that, subsequent to the acquisition of the title by him, judgment is rendered in the suit for the plaintiff for the land against the defendant; and such judgment does not conclude the right of the defendant in a subsequent action for the same land to set up and maintain title so acquired against the plaintiff.  Lee v. Salinas, 15 Texas, 495; Bradford v. Hamilton, 7 Texas, 55; Collins v. Ballow, 72 Texas, 330; Ballard v. Carmichael, 83 Texas, 355; Mexia v. Lewis, 87 Texas, 209; Snyder v. Hemmingway, 47 Mich., 549; Railway v. McNaughton, 45 Mich., 87.

2.  This is one of those urgent and exceptional cases in which the court would be justifiable in departing from the law as decided on the former appeal, if indeed it can be said that the law, as applicable to the facts in this record, was decided on the former appeal.  Frankland v. Cassaday, 62 Texas, 421; Burns v. Ledbetter, 56 Texas, 282; Layton v. Hall, 25 Texas, 212; Reeves v. Petty, 44 Texas, 249; Rogers v. Ragland, 42 Texas,

422; White v. Downs, 40 Texas, 226; State v. Wygall, 2 Texas Law Rev., 138.

3. The court erred in sustaining the defendant's general demurrer and special exceptions of stale demand, and the statutes of limitation of four and ten years, to plaintiff's first amended original petition in said cause No. 3159, because the facts alleged were substantially the same as those alleged in the original petition, and the relief sought was merely an enlargement of that prayed for in the original petition in said cause, and because the allegations and averments in said first amended original petition showed a state of case which entitled the plaintiff to equitable relief. In the action of trespass to try title, where the pleadings are general and neither party sets up his title specially, the issues involved in the controversy are to be determined from the evidence and not the pleadings and judgment in the case. Stroud v. Springfield, 28 Texas, 649.

*George W. Tyler*, for defendant in error.—1. In the action of trespass to try title, the defendant who has, pending the suit, acquired the title of the plaintiff to the land in controversy in the action, can introduce and rely upon the title so acquired in the trial of the cause, and, if valid, can recover upon it therein under the plea of "not guilty." If he fails to offer same on the trial and plaintiff recovers, the defendant can not set up such title in a subsequent suit with the same plaintiff as a cause of action. His failure to offer such title in the former action is an estoppel, and the former adjudication is final and conclusive upon the defendant as to all the land therein recovered by the plaintiff. Rev. Stats. 1879, art. 4793; Freeman v. McAninch, 87 Texas, 132, and authorities cited; Fisk v. Miller, 20 Texas, 573, 579; Hoodless v. Winter, 80 Texas, 641.

2. The court did not err in sustaining the general and special exceptions of defendant to plaintiff's first amended original petition for injunction in cause No. 3159. Rev. Stats. 1879, arts. 2875, 3194, 3207; Freeman v. McAninch, 87 Texas, 132; Fisk v. Miller, 20 Texas, 573; Cook v. Baldridge, 39 Texas, 250; Oldham v. McIver, 49 Texas, 556; Miller v. Clement, 54 Texas, 351.

3. The first amended original petition for injunction was bad on general demurrer, and the general exception was properly sustained. Freeman v. McAninch, 87 Texas, 132; Fisk v. Miller, 20 Texas, 573.

4. The court properly sustained the exceptions of defendant Freeman to the testimony of the witnesses Harris, Goodrich, Oliver, and Holman, for the reasons stated in the bill of exceptions, to wit, because the same was incompetent, and because the issue involved in said cause No. 1311 was clearly shown by the pleadings and judgment in said cause, and could not be contradicted by parol testimony. Freeman v. McAninch, 87 Texas, 132; Fisk v. Miller, 20 Texas, 579.

COLLARD, Associate Justice.—On December 2, 1878, John Freeman sued, in form of trespass to try title, file No. 1311, District Court of Bell County, J. F. McAninch and Daniel McCray to recover 622½ acres

of land, alleged to be a part of the Joseph Washington one-third of a league, in Bell County. On October 3, 1883, defendants in that suit filed amended original answer, consisting of general demurrer, general denial, and plea of not guilty. Judgment was rendered for plaintiff, October 5, 1883, for the entire 622½ acres of land sued for, awarding writ of possession and execution for costs. On appeal from the judgment, the Supreme Court on April 29, 1887, affirmed the judgment in cause No. 1311.

On November 12, 1887, Freeman sued J. F. McAninch and McCray and the sureties on their supersedeas bond to recover rents of the 622½ acres in controversy in suit No. 1311, which last suit was numbered 3040.

March 23, 1888, McCray having failed to surrender possession of all the land recovered in suit No. 1311, Freeman sued out writ of possession, returnable June 4, 1888, which was not executed; and on August 10, 1888, he applied for another writ of possession, the clerk certifying copy of the original writ, and it was retracted.

August 15, 1888, McCray sued, in action of trespass to try title, cause No. 3137, John D. Freeman to recover 134⅓ acres of the land embraced in the 622½ acres sued for in suit No. 1311. October 1, 1888, Freeman obtained a pluries writ of possession in cause 1311, and was proceeding to have the same executed, when, October 8, 1888, McCray sued out an injunction against Freeman and to correct the judgment in suit No. 1311, and restrained the execution of the pluries writ, the suit being numbered 3159. Suits Nos. 3048, 3137, and 3159 were consolidated. On the trial of these consolidated suits, July 6, 1889, the jury returned a verdict for the 134⅓ acres of land, and judgment was accordingly so rendered thereon.

Freeman brought the judgment to this court for review, and on January 24, 1894, this court affirmed the judgment, Justice Key dissenting. The Supreme Court, on writ of error, reversed the judgment of this court and remanded the causes for further trial.

On January 12, 1895, McCray amended his pleading in cause No. 3159, for injunction and to cancel and set aside the judgment in suit No. 1311, amending his first original petition in cause No. 3159, to which Freeman replied, July 9, 1895, by supplemental answer.

July 9, 1895, Freeman filed his first amended answer in cause No. 3137. The consolidated causes being called for trial in the District Court of Bell County, July 25, 1895, by agreement cause No. 3048 was separated from the other suits and continued until the other two suits should be finally determined, and it was agreed that the other two suits, Nos. 3137, trespass to try title by McCray for 134⅓ acres of land, and 3159, by McCray, to cancel and set aside the judgment in part in suit No. 1311, should be tried together. The court sustained general and special exceptions of Freeman to McCray's first amended petition in suit No. 3159, dissolved the injunction, and, plaintiff McCray declining to amend, dismissed the cause. The court found for defendant Freeman in cause

3137 and rendered judgment for him, from which judgment in both cases, 3159 and 3137, McCray prosecutes his writ of error to this court.

*Findings of fact.*—McCray deraigned title to the 134⅓ acres of land sued for by him, and because of which he sought to set aside the judgment in cause No. 1311, from John D. Freeman, originating in a deed of trust from Freeman to Solon Joins, trustee, to pay certain specified debts of date January 17, 1879, after suit No. 1311 was brought, it being filed December 2, 1878, Freeman being the admitted owner in fee of the 134⅓ acres of land at the time the deed of trust was executed, the deed of remote vendees of Freeman under the deed of trust to McCray being dated December 12, 1882, the judgment in suit No. 1311, in favor of Freeman against McCray for 622½ acres of land, which included the 134⅓ acres, being of date October 5, 1883.

Defendant Freeman read in evidence the pleadings of the parties in suit No. 1311 and the final judgment in the District Court, of date October 5, 1883, whereby, on a verdict of a jury, John D. Freeman recovered from both defendants McCray and McAninch the 622½ acres sued for, which included the 134⅓ acres subsequently sued for by McCray in suit No. 3137.

Defendant also read in evidence the motion of McCray and McAninch for a new trial in cause No. 1311, filed October 6, 1883, based upon alleged errors of the court in its charge upon the subject of disputed boundary, and that the verdict of the jury was contrary to the evidence. He also read the petition of McAninch and McCray in suit No. 1311 for a writ of error, filed June 2, 1884, and the supersedeas bond filed in said cause, reciting the judgment in the same, praying for citation in error to Freeman—the citation in error issued July 31, 1884, returned August 5, 1884; also the assignment of errors, to the effect that the court erred in the charge, that it was vague, contradictory, and calculated to mislead the jury in locating the Washington survey, and required the jury to follow the lines of other surveys called for in the Washington patent, because the charge gave undue prominence to calls for unmarked lines, as controlling calls for course and distance; because the court refused charge asked by the defendants, and erred in overruling the motion for a new trial; because the verdict is unsupported by the evidence in certain particulars pointed out, and because the charge of the court, the verdict, and the judgment were not supported by the evidence, but inconsistent with the pleading of the plaintiff.

Defendant also read in evidence the mandate of the Supreme Court of Texas in cause No. 1311, reciting judgment in cause 1311 before set out, which was in all things affirmed by the Supreme Court on the 29th day of April, 1887, which mandate was filed in the District Court June 23, 1887.

It was admitted by McCray, on the trial, in open count, that the 134⅓ acres described in his petition lay partly north of the north boundary line of the Joseph Washington survey, as claimed by McAninch and McCray on the trial of cause No. 1311, and that the north boundary of

the 134⅓ acres extended to and was identical with the south line of the George Allen 198 78-100 acres claimed by them in suit No. 1311, and that no portion of the 134⅓ acres was included in the boundaries of the George Allen 198 78-100 acres.

The principal controversy in suit No. 1311 was one of boundary between the G. Washington one-third of a league and the Allen survey, Freeman claiming under the former and the defendants claiming 198 acres out of the Allen survey. Freeman recovered the land so claimed by the defendants in that suit. The 134⅓ acres now in suit is on the Washington survey.

We deem it unnecessary to recite other testimony of defendant at this time.

Plaintiff McCray, in rebuttal, read a portion of the statement of facts in cause No. 1311: First, it was agreed by the parties that plaintiff (Freeman) was the owner of the Joseph Washington one-third of a league survey and that defendants were the owners of the title to the George Allen 198 acres survey, and that the question at issue was whether the land covered by the patent to the George Allen survey was included in the boundaries of the Joseph Washington one-third league; also, another portion of the statement of facts in cause No. 1311, viz., the patent to the Joseph Washington one-third league, dated October 13, 1854, the field notes of which are as follows: (setting out the field notes, which we do not deem important to this case); also portion of the statement of facts in cause No. 1311, viz., the patent to George Allen for 198 acres of land, dated —— day of ————, 18—, the field notes of which are as follows: (giving the field notes.)

Plaintiff also read in evidence the charge of the court in cause No. 1311, which explains the suit as follows: "This is a suit brought by plaintiff to recover of defendants the tract of land described in his petition, situated in Bell County, alleging the same to be a part of the Joseph Washington one-third of a league, patented to Joseph Washington in 1854, claiming title to said land under said Joseph Washington patent and the mesne conveyances down to himself, in evidence before you.

"The defendants' claim (title) to the land in controversy under patent issued to Elisha Allen, assignee of George Allen, for 198 acres, July 6, 1871, and conveyances to themselves under said patent in evidence before you, and they deny that the land they claim in controversy is embraced within the boundaries of said Washington one-third league.

"The principal and only question for your determination in this case is one of boundary. If the land in controversy is included within the boundaries of the said Joseph Washington one-third league survey, then the plaintiff is entitled to a verdict in his favor, but if the land claimed by defendants in controversy is not included within the boundaries of the said one-third league grant, then, in such case, defendants are entitled to a verdict in their favor, and upon this issue the burden of proof is on the plaintiff to show by evidence reasonably satisfactory that the land claimed by defendants is embraced within the boundaries of said

Washington one-third league grant. The charge then proceeds to instruct the jury as to the rules governing boundary and questions of boundary and submits no other issue, having instructed the jury peremptorily as to title.

*Opinion.*—The first and third assignments of error relate to the same subject, and will be considered together. The first assignment in effect complains of the ruling of the court in sustaining the exceptions of defendant Freeman to the first amended original petition of McCray in cause No. 3159, because the allegations of the petition show that the writ of possession, execution of which was sought to be enjoined, was issued from a judgment for a tract of land in an action of trespass to try title, filed December 2, 1878, by Freeman as plaintiff against McAninch and McCray as defendants, No. 1311, pending which cause, on the 17th day of February, 1879, Freeman conveyed the land in suit to one Solon Joins, and by mesne conveyances, McCray, on the 12th day of December, 1882, acquired title to the land, and because it appears from the petition that the title under which McCray claims the land was not in issue in suit No. 1311, and McCray was entitled to the possession of the land notwithstanding the judgment in cause 1311.

The third assignment is to the same effect, and more particularly that the court erred in sustaining defendant's general demurrer and special exceptions of stale demand, statutes of limitation of four and ten years to the first amended original petition in cause 3159—the facts alleged being substantially the same as alleged in the original petition—and because the facts alleged in the amended petition exhibited a case which entitled plaintiff to equitable relief.

The original petition, as appears from the amendment, was filed October 9, 1888, more than four years after the judgment was rendered in cause No. 1311 decreeing title to Freeman. The original petition is not in the record. The suit by the amended petition was to amend the judgment in cause No. 1311, and to correct the same so that it would not include in the recovery the 134⅓ acres now in suit. It (the amendment) was filed January 12, 1895. It is predicated upon the fact that, pending the suit No. 1311, McCray became the owner of the 134⅓ acres of land included in the recovery, and that the only question tried was one of boundary, the title not being litigated.

There is no proposition under the third assignment of error, but there is one under the first and second considered together, which asserts that in the action of trespass to try title the judgment rests upon the title held at the beginning of the suit, and if, pending the suit, the plaintiff morgages the land in controversy, defendant can buy it in on foreclosure or acquire it through the conveyance made by plaintiff and the title thus obtained will inure to his benefit, notwithstanding the fact that subsequently judgment is rendered in a suit for plaintiff for the land against

defendant, and such judgment does not conclude the defendant to set up and maintain the title so acquired.

From the statement made under the third assignment we infer that plaintiff in error complains of the court's sustaining the exceptions which invoke stale demand and limitation. The petition does not show reasonable diligence in bringing the suit to reform the judgment in suit 1311, nor is any excuse assigned for the failure to move for a new trial before the adjournment of the court rendering the judgment. It was rendered October 5, 1883; the case was appealed to the Supreme Court and was there affirmed, April 29, 1887. No steps were taken to correct the judgment until October 8, 1888, if done then, when the original suit for injunction and to correct the judgment was instituted. The amendment making the case as it is now presented was not filed until July 12, 1895, after the opinion of the Supreme Court in the consolidated causes had been rendered reversing the judgment of the lower court. Under the circumstancs, we can not say that the court was in error in holding that the suit to reform and set aside the judgment in cause 1311 upon equitable grounds was not within a reasonable time. Murchison v. White, 54 Texas, 78; Fleming v. Seeligson, 57 Texas, 524; Rutherford v. Stamper, 60 Texas, 450.

The branch of the suit for injunction was filed too late to entitle McCray to the relief sought. The statute prescribed that no injunction to stay execution should be granted after the expiration of one year, unless it be made to appear that an application for such injunction has been delayed in consequence of the fraud or false promises of plaintiff in the judgment, practiced or made at the time or after the rendition of the judgment, or unless for some equitable matter or defense, arising after the rendition of the judgment. Sayles' Rev. Stats., art 2975.

We do not believe the petition shows such diligence on the part of McCray as would entitle him to reform the judgment in cause No. 1311, nor to the injunction. The petition sets up the facts of the original suit by Freeman in cause 1311 for 622½ acres of land, part of the Washington one-third league, including the 134½ acres now in suit, the answer, and the judgment; that McAninch and McCray claimed the Allen 198 acres and none of the Washington; that the issue was only as to boundary between the two surveys, which was decided against defendants; that after final judgment McCray surrendered to Freeman the 198 acres, and hoped to be spared further annoyance, but Freeman, on the 10th day of August, 1888, had issued a writ of possession under the judgment and placed the same in the hands of the sheriff, and under color thereof, by fraud and threats of force, intimidated the tenant of McCray (one James Huddleston) and induced him to surrender possession of the 134½ acres now in suit; that subsequently, on the 27th day of August, 1888, Freeman being advised that the writ was void and did not authorize him to disturb the possession of the tenant, restored him, the tenant, to his former allegiance, and afterwards, on October 1, 1888, Freeman fraudulently caused another writ of possession to issue in his favor against McCray

by virtue of the judgment, placed the same in the hands of the sheriff demanding that the officer execute the same, and threatened to take possession of the 134⅓ acres of land, whereupon McCray was compelled to resort to his injunction suit—the writ was granted on the 8th day of October, 1888; that it was agreed on the trial of suit No. 1311 that only the 198 acres of land was in litigation—the question being admitted to be one of boundary as before explained—and that it was agreed between counsel for Freeman and McCray that no judgment would be taken except for the 198 acres, if the Allen survey, claimed by Freeman, was found to be within the bounds of the Washington survey, and relying upon said understanding, he did not offer in evidence his evidence of title to the 134⅓ acres, but notwithstanding said agreement, upon a general verdict in favor of plaintiff, Freeman prepared and caused to .be entered a judgment of the court whereby he recovered from defendant title and possession to the entire 622⅓ acres of the Washington survey, including the 134⅓ acres, which McCray had acquired subsequent to the institution of the suit by title emanating from Freeman, who was invested with title thereto, prior to the 22d day of October, 1881, on which date he, Freeman, conveyed the 134⅓ acres of land to S. C. Armstrong and J. B. Rowlett, who afterwards, on the 12th day of December, 1882, conveyed the same 134⅓ acres to him, McCray.   No excuse is given or attempted to explain the failure of defendants in suit 1311 to file a motion for a new trial before the expiration of the term of the court, nor is any excuse offered for the long delay in seeking to reform the judgment.

It is alleged that McCray supposed the judgment would be entered in favor of Freeman for the 198 acres of land only, and believing that Freeman would have the proper judgment entered, McCray was induced not to look after the judgment, as he would have done but for the agreement, "but instead of that, judgment was entered in the usual form in such cases, including all the land described in the petition, which was said 622 acres; that McCray did not know said judgment included the title or possession of his 134⅓ acres tract."

This averment fails to show that McCray was not aware of the fact that the judgment had been entered, as it was before the adjournment of the court, so as to move for a new trial or to correct the judgment during the term.   Having taken the case to the Supreme Court, executing a supersedeas bond for that purpose in which the judgment was described, he was certainly advised of its form and effect many years before the suit to enjoin and reform was instituted—so long before that, in our opinion, the court below was not in error in sustaining the exceptions to it.

Plaintiff in error complains of the judgment rendered in favor of John D. Freeman in consolidated cause No. 3137 which was tried by the court. Plaintiff in error insists that he showed title to the 134 acres of land sued for, emanating from Freeman after suit 1311 was filed, in which he obtained judgment, after McCray had acquired the title.

We can not sustain plaintiff in error's view of the question.   It is an elementary rule of practice in actions of trespass to try title that plain-

tiff, without amending his suit, can not recover on a title obtained after suit, but that defendant can prevent a recovery against him by title acquired pending the suit, or by showing outstanding superior legal title in some person other than the plaintiff. It was defendant's privilege to use his title acquired from Freeman in defense of the action, and having failed to do so he can not complain. No valid reason is shown by the testimony why he did not put his title in evidence. The question was settled adversely to McCray by the Supreme Court on the former appeal. Freeman v. McAninch, 87 Texas, 132. Chief Justice Stayton says: "Pending the former action McCray may have acquired title to so much of the Washington survey as he now claims, but if so, it was his right to assert it when the case was tried, and his failure to do so does not now entitle him to relief he might then by diligence and care have secured."

We note the fact that no testimony was offered in consolidated suit 3137, trespass to try title (which was tried), as alleged in consolidated suit 3159, to the effect that during the trial of suit 1311 the parties agreed that if the boundary question was decided in favor of Freeman judgment should be rendered for him for only the 198 acres of the Allen survey. There was testimony to the effect that the only question to be tried by the jury was that of the disputed boundary, nor was there anything disclosed in the record of suit 3137 read in evidence by which the judgment in suit 1311 could be corrected and reformed, as claimed in suit 3159. So the judgment in the original suit was not impeached by any legitimate testimony.

The agreement that Freeman owned the Washington survey, and that McCray and McAninch owned the Allen 198 acres, merely withdrew that question from the jury and dispensed with any proof upon the respective titles of the parties; but it does not follow from this that the issue of title was withdrawn from the case to be adjudicated. The title was admitted and dispensed with further proof, but still it was adjudicated by the verdict and the judgment. The question of the boundary was dependent upon the titles of the parties, and would have been an idle controversy if the issue of title had been out of the case. The court, after the admissions of title, had nothing to submit to the jury but the issue of boundary, and he therefore correctly informed the jury as to ownership and submitted only questions of boundary. The judgment in the former suit adjudged the title to the Washington survey to be in Freeman, and there is nothing found in the record of that suit by which the judgment can be reformed.

The only question remaining to be determined is that raised by the ruling on the trial of suit 3137 excluding certain parol testimony of parties which undertook to show what was the intention of the parties in an agreement on the trial of suit 1311—that it was not the purpose of the parties to contest their respective asserted titles. This court on that issue decided that such testimony, that of Judge Goodrich, was admissible, and affirmed the judgment rendered, but on error to the Supreme Court our decision was reversed, the court holding that such testimony

could not be heard to dispute the judgment record. The judgment of the Supreme Court is now the law of the case, and we are bound by it. There was, therefore, no error in excluding the testimony. There was no error in the judgment of the lower court in consolidated suits 3137 and 3159, and they are affirmed.

*Affirmed.*

Writ of error refused.