· CHRISTOPHER BRYAN v. C. C. LUND.

It is error to render a judgment in favor of an intervenor against a defendant, who has neither filed an answer to the plaintiff's petition, nor been served with process to answer the complaint of the intervenor. An answer to the plaintiff's suit binds the defendant to take notice of the petition of an intervenor.

ERROR from Liberty. Tried below before the Hon. James M. Maxcy.

The facts appear from the opinion.

C. L. Cleveland, for the plaintiff in error—Cited Sayles' Practice, § 156.

J. A. Williams, for the defendant in error.

BELL J.—This suit was instituted by Lund against Bryan upon three promissory notes. Service of the petition of Lund was made on Bryan in the usual manner. On the same day on which the judgment was rendered, Bryan not having answered, a petition of intervention was filed by Edgorton, Dunning and Wright, three citizens of the State of New York, composing a mercantile firm, alleging that they were the real owners of the notes sued upon. They prayed to be made plaintiffs in lieu of Lund, and asked for judgment against Bryan for the amount due upon the notes. The petition of intervention was filed by the same attorneys who filed the original petition for Lund. Judgment by default was rendered in favor of Lund, for the use of the intervenors, there having been no notice to Bryan of the petition of intervention so far as is disclosed by the record. The error complained of is that the judgment was rendered against Bryan, in favor of the intervenors, without any notice to him that they had intervened in the suit.

There seems to have been an acquiescence on the part of Lund to the intervention of Edgorton, Dunning and Wright, and an as-

sent to the claim asserted by them.    After the petition of intervention was filed, there being no contest between the original plaintiff and the intervenors, the intervenors became the original plaintiffs, and Lund remained upon the record as a nominal party only.    This being so, the defendant was entitled to notice that a new party was seeking a judgment against him; because, although he may have had no defence to the suit of Lund, he may have had a good defence to the suit of the intervenors.    If Bryan had answered to the suit of Lund, he would then have been considered as before the court, and as bound to take notice of the petition of the intervenors.    But as he had filed no answer, he was not before the court, and if any new party to the suit, which was pending against him, desired a judgment against him, he should have been brought into court by process, and thus notified of what the court was asked to do.

See the case of Price v. Wiley, 19 Tex., 142, and the case of McFadin v. McGreal, decided at the present term.

The judgment of the court below is reversed and the cause remanded.

Reversed and remanded.