### LEAGUE *v.* ATCHISON.

Under the fifteenth section of the statute of limitations of Texas, which enacts that "every suit instituted to recover real estate as against him, her, or them in possession under title or color of title, shall be instituted within three years next after the cause of action shall have accrued," and which adds that "by the term *title*, as used in this section, is meant *a regular chain of transfer* from or under the sovereignty of the soil; and *color of title* is constituted by a *consecutive chain* of such transfer down to

him, her or them in possession, *without being regular* (as if one or more of the muniments be not registered or not duly registered, or be only in writing, or *such like defect*," &c.), there is neither title nor color of title when any link in the chain is so wanting, as that there is a *hiatus* in the chain ; that is to say, when the case is not that of a defect or flaw in some link which makes the chain weak at that point, but when there is no *chain* at all.

ERROR to the District Court for the Eastern District of Texas.

The statute of limitations of Texas, after making ten years a protection to one who enters without title, and five years a protection when the party has entered with claim under a deed on record, and has paid the taxes and made cultivation during that term, enacts by its fifteenth section as follows :*

" That every suit to be instituted to recover real estate, as against him, her or them in possession, under 'title or color of title, shall be instituted within three years next after the cause of action shall have accrued, and not afterwards.　By the term *title*, as used in this section, is meant a regular chain of transfer from or under the sovereignty of the soil; and *color of title* is constituted by a *consecutive chain* of such transfer down to him, her or them in possession, *without being regular ;* as if one or more of the memorials or muniments be not registered, or not duly registered, or be only in writing, or such like defect as may not extend to or include the want of intrinsic fairness and honesty; or when the party in possession shall hold the same by a certificate of head-right, warrant, or land-scrip, with a chain of transfer down to him, her or them in possession; and provided this section shall not bar the right of the government."

With this act in force Atchison brought suit against League to recover a lot of ground in Galveston.

On the trial, it appeared that both parties claimed title under the Directors of the Galveston City Company, from whom the title was deraigned, to one Hasbrook.　The plaintiff asserted himself to be the owner of Hasbrook's title

---

* Hartley's Digest, Art. 2391.

through a deed from him to one Curtis. The defendant denied the validity of this deed to Curtis, alleging it to be a forgery, and claimed under a levy and sale of the property under a judgment against Hasbrook *posterior* to the alleged sale of Hasbrook to Curtis. The validity of this deed was one of the issues to be tried, one however not involved in the case as here presented. The defendants pleaded the statute whose fifteenth section as to limitation of three years is above quoted. On this point the plaintiff's counsel requested the court to instruct the jury as follows:

" That, if the jury, under the instructions of the court, find a conveyance from Hasbrook and wife to Curtis to be valid, then the sheriff had no authority to make the levy, under the execution against Hasbrook, on the lot in question, or to make the deed to Atchison, and there is no such transfer of title from Hasbrook to Atchison as will sustain the plea of limitation."

ᐧ The court refused the instruction, and whether it had done so rightly or not was the point for review here.

The case was fully argued *in behalf of the plaintiff in error by Messrs. C. Robinson and W. G. Hale,* who relied on the fifteenth section above quoted, as clear of itself; citing in addition, however, by way of illustration, the statutes of Kentucky, Pennsylvania, and other States, and decisions upon them, to show what possession was adverse.

*Messrs. Green Adams, and W. P. Balinger, contra.*

Mr. Justice GRIER delivered the opinion of the court.

The only question involved in this case arises on the construction to be given to the 15th section of the statute of limitations of the State of Texas. It is somewhat peculiar in its terms, and is well suited to the policy of a new State desirous to encourage emigration, and the settlement of its vacant lands.

For this purpose the usual limitation of twenty years, which alone would protect one who had entered without title, was held insufficient. Hence the legislation of Texas

reduced the term to ten years.   This term was also reduced
to five years when the disseizor entered with a claim of title
under a recorded deed, and had paid the taxes and cultiva-
ted the land for that length of time.

The limitation of three years now under consideration
was intended to protect settlers under junior grants emanat-
ing from the State of Texas against older titles under the
former Mexican sovereignty, as well as a fraudulent issue of
head-right certificates or land scrip under the Republic.
This policy is clearly exhibited in this peculiar term and
the provisions of this section.

As respects the instruction requested by the plaintiff's
counsel, we are of the opinion that the court erred in refus-
ing it.

There was no dispute that the defendant purchased with
full notice of the previous deed to Curtis.   The only ques-
tion was, whether this deed from the sheriff gave him such
a title or color of title as is required by the statute.

Unnecessary labor and learning has been expended by
counsel, as to the construction of similar statutes in other
States, and as to whether the possession of defendent was
adverse or not.   This section of the statute is its own inter-
preter.   It was not made to protect mere adverse posses-
sion; it carefully defines the construction of the words used.
By the term title, as used in this section, is meant "*a regu-
lar chain of transfer from, or under the sovereignty of the soil;*"
and color of title is constituted by a consecutive chain of
such transfer down to him or her or them in possession,
without being regular, as if one or more of the memorials
or instruments be not registered, or not duly registered, or
be only in writing; *or such like defect,*" *&c., &c.*

Now, this case shows no such " chain of title or transfer
from the sovereignty," as to constitute either title or color
of title.   As defined by the act, a link in the chain is absent,
which is necessary to make the whole one chain.   It is not
merely a defect or flaw in some link in the chain which may
make it weak at that point, but there is no chain at all.   A
sale of the sheriff on a judgment against " A," confers nei

ther title nor color of title to the property of "B." In *Thompson* v. *Cragg*,* the court say: "Nor can there be color of title where there is a complete hiatus in the chain. Color of titles differs from titles only in externals. The substance of both is the same, were this not so. If color of title were something intrinsically and substantially less or weaker than title, then the wisdom of the legislature could not be vindicated," &c. This construction of the statute as thus settled by the courts of Texas is conclusive, even if we doubted its correctness, which we do *not.*

JUDGMENT REVERSED, AND A VENIRE DE NOVO AWARDED.

[See *infra*, next case, *Osterman* v. *Baldwin*, in regard to this same section 15 of the Texas statute of limitations.—REP.]

---

* 24 Texas, 596. See also Wright v. Daily, 26 Id. 730; Berry v. Donley, Id. 737; Harris v. Hardeman. 27 Id. 248.