## C. D. ANDERSON v. LAURA WYNNE ET AL.

### Decided April 1, 1901.

**1.—Land Certificate—Probate Sale of—Writing Unnecessary.**

A valid sale of an unlocated land certificate may be made without being evidenced by a conveyance in writing. See evidence held sufficient to show a valid probate sale of such certificate.

**2.—Limitation Against Married Woman—Law Not Retroactive.**

The Act of 1895 (Revised Statutes, article 3352, section 3) as to limitation running against married women, was not retroactive in its effect, and limitation would run only from the end of the year after its passage.

**3.—Same—Judgment Against Tenant Binds Landlord.**

A judgment in trespass to try title in plaintiff's favor for the land against a tenant in possession will stop the running of limitations in favor of the landlord, and it does not affect the conclusive force of the judgment that it was one rendered by agreement

Appeal from Grayson. Tried below before Hon. Don A. Bliss.

*E. F. Brown* and *Chas. Crenshaw,* for appellant.

*Judson H. Wood,* for appellees.

GARRETT, CHIEF JUSTICE.—This was an action of trespass to try title, brought on May 9, 1899, by Laura Wynne and others against C.

D. Anderson and J. P. Ball for the recovery of a tract of land composed of the east half of two tracts lying together in Grayson county, to wit, 160 acres of the Meredith 320 acres, and 66½ acres of the Robert Merritt 133 acres immediately north of the Meredith. The defendant Anderson pleaded not guilty and three, five, and ten years limitation, and Ball disclaimed title. In reply to the pleas of limitation the plaintiffs, Laura Wynne, Texana Scales, and Fannie Stone, pleaded coverture, and with their coplaintiff, Ben C. Kelly, they pleaded also that a suit was brought by them on August 9, 1895, in the District Court of Grayson County against J. P. Ball for the land in controversy, and that they recovered judgment against him therefor on January 8, 1896. That at the filing of the suit and the rendition of the judgment Ball was the tenant of Anderson, and the effect of the suit and judgment was to stop the running of the statute of limitation in favor of Anderson. There was a trial by jury which resulted in a verdict and judgment in favor of the plaintiffs.

Anderson claimed the land in controversy through a deed executed to him by Ball, dated February 9, 1895, and after that date Ball remained in possession of the land as his tenant. Ball had possession prior to his conveyance to Anderson through conveyances and possession commencing March 26, 1891. His possession was from that date under deeds duly recorded, with payment of taxes. In addition to the suit against Ball, his possession was disturbed by one Lock, claiming under lease from the plaintiffs, in August, 1898, who turned out the stock that was in the inclosure and repaired the fence and took possession. In April, 1899, Ball turned Lock's stock out of the inclosure and put his own in. This was done several times. One Cobbler went into possession of the land in October, 1898, under a contract to purchase, and remained in possession until January, 1899, when he left it because the title was not fixed to suit him. Sprolls, in February, 1899, pastured stock on the land with Lock's consent. Lock left the place in the fall or winter of 1899. These acts were too late to affect the question of limitation.

Plaintiffs show title from W. C. Kelly. The plaintiffs, Laura Wynne, Texana Scales, and Fannie Stone, became married women prior to the time when the possession of the appellant commenced, and have been continually since that time under coverture. Their ownership commenced prior to that time. On August 6, 1895, the present plaintiffs filed a suit against J. P. Ball and one Morton for the recovery of the land, but Anderson was not a party to that suit. Ball had previously conveyed his title to Anderson. Plaintiffs obtained judgment against Ball and his codefendant for the land by agreement on January 8, 1896. No fraud in the procurement of the judgment was either alleged or proved even if it should be open to collateral attack.

The Meredith survey, 320 acres, was patented by the State of Texas to S. P. Hollingsworth, as assignee of D. W. Meredith, September 3, 1857. The Robert Merritt survey, 133 acres, was patented by the State of Texas to Robert Merritt, August 2, 1856. The certificate for the

headright of Robert Merritt by virtue of an unlocated balance, of which the part of that survey in controversy was located, was sold by order of the probate court of Rusk County as the property of said estate, and James H. Poston became the purchaser thereof. It was shown by circumstantial evidence that before the location of the certificate it was sold by Poston to Hollingsworth & Kelly, a firm composed of S. P. Hollingsworth and W. C. Kelly. The certificate was located for Hollingsworth & Kelly, 187 acres thereof in Rusk County, and the balance, 133 acres, in Grayson County, of which the land in controversy is the east half. By a deed of partition between S. P. Hollingsworth and W. C. Kelly the Meredith 320 acres and the Merritt 133 acres in Grayson county was divided between them by a line running north and south across both surveys, and the east half of both of them was conveyed to W. C. Kelly.

Appellant contends that the probate court proceedings were not sufficient to show a sale to Poston of the certificate by virtue of which the Merritt tract was located; and if such sale were shown, the evidence was insufficient to show a sale of the certificate by Poston to Hollingsworth & Kelly. The orders and other proceedings in the probate court are stated in the record, and we will not set them out, but refer to them as they appear, and hold that they were sufficient, in connection with the other testimony, to show that Poston became the owner of the Robert Merritt headright certificate for 320 acres by virtue of a valid probate sale. The evidence from which a sale of the certificate by Poston to Hollingsworth is inferred shows that Hollingsworth & Kelly were in possession of the certificate, and that it was located for them. That the parties resided in Rusk county, where 187 acres of the certificate was located, and no one claimed the land or exercised ownership over it or paid taxes on it except Hollingsworth & Kelly, though Wright, the administrator, who had married the widow of Merritt, lived in Rusk County. Poston lived in Rusk County for six or eight years after the Rusk County location, and moved away and lived for thirty years, and never claimed either of the locations. His son testified that his father had sold Hollingsworth some land certificates, but that he did not remember the number; and that his father never claimed to own the certificates after he left Rusk; nor did he claim to own any land in Rusk or Grayson county; and that neither he nor any of the children claimed the land. As the certificate was personal property, it was not necessary to a valid sale thereof that it should be evidenced by a conveyance in writing.

There was no error in admitting in evidence the records of the probate court of Rusk County, as complained of in the second, third, and fourth assignments of error. Nor did the court err in the third clause of the charge to the jury, as complained of in the tenth assignment of error. We do not discuss these assignments, because they are involved in our conclusions as to the sufficiency of the evidence to show the sale of the certificate through orders and proceedings in the probate court to Pos-

tòn, and by him to Hollingsworth & Kelly. Plaintiffs showed perfect title in themselves to the land in controversy. Anderson failed to show title in himself by limitation. The plaintiffs, Laura Wynne, Texana Scales, and Fannie Stone, acquired their title long before the possession under which Anderson claimed commenced, and have been continuously under coverture since before that time. The change in the law making coverture a defense to limitation did not take effect until 1896. Rev. Stats., art. 3352, sec, 3. Its effect was not retroactive, but limitation would run only from the end of the year after the passage of the act. The judgment against Anderson's tenant also stopped the running of the statute of limitation. Read v. Allen, 56 Texas, 180. The fact that a judgment was rendered by agreement can not affect its conclusive force. There being no error in the judgment of the court below it will be affirmed.

*Affirmed.*