## HEIRS OF R. C. BEALE ET AL. v. M. E. V. JOHNSON ET AL.

### Decided January 26, 1907.

**1.—Limitation—Married Women—Act of 1895  Construed—Nonresidents.**

The Act of the Legislature of 1895, concerning limitation against married women, was not retroactive, and limitation against married women did not begin to run until one year after the law went into effect.   Limitation will not run in favor of nonresidents or absentees from the State during their absence even though such absentee had tenants in possession of the land and paid all taxes thereon.

**2.—Same.**

The Act of the 24th Legislature, general laws 1895, p. 230, was approved on April 1, 1895, but did not take effect until July 30, 1895.

**3.—Limitation—Color of Title—Three Years.**

Land was patented to the "heirs of G."   At the time of G.'s death he left surviving him his mother and father and four brothers and sisters; the mother and father were the heirs of G.; upon the death of the mother and father the title vested in the four brothers and sisters; the defendants acquired the title of three of the brothers and sisters but failed to connect themselves in any way with the title of the fourth.   Held, that defendants had neither title nor color of title to said fourth interest, and hence the three years' statute of limitation did not apply.

**4.—Undisputed Evidence—Charge.**

Where the evidence upon an issue is undisputed the court might instruct the jury peremptorily upon the issue.

**5.—Incomplete Verdict—Judgment.**

It appeared from the undisputed evidence that a third person, not made a party defendant in the suit, owned a life estate in the land in controversy the defendants did not claim said life estate in their pleadings; the evidence showed that said life estate was lost by limitation; the court instructed the jury as to said life estate to find for defendants, but the jury made no finding as to the same; the court entered judgment in favor of defendants for said estate.   Held, the court had power to enter such judgment on the verdict.

**6.—Assignment of Error—Party not Appealing.**

The refusal of the court to give a charge requested by a party who has not appealed will not be reviewed.

**7.—Codefendants—Pleading inter sese—Service Waived.**

In a suit against several defendants for an undivided interest in land some of the defendants answered that they held under one of their codefendants by deed with covenant of general warranty, and also that their said codefendant still owned a sufficient quantity of the land in controversy to satisfy the claim of the plaintiff, and prayed that in the event the plaintiff recovered that her interest be taken out of the land still owned by said codefendant vendor; said codefendant filed no demurrer or exception to the pleas of her vendees and made no objection on the trial to the evidence introduced by them to prove the allegations of said pleas. Held, that such codefendant will not afterwards be heard to complain that she was not served with notice of the pleadings of her vendees.

**8.—Deed by Cotenant—Specific Part.**

The deed of a cotenant conveying a specific part of the joint property is *not* void, and a court of equity will set apart to the grantee the particular tract conveyed if it can be done without prejudice to the other cotenants.

Appeal from the District Court of Navarro County. Tried below before Hon. L. B. Cobb.

*J. L. Autry* and *Frost & Neblett*, for appellants.—The effect of the Act of 1895 putting in operation the statute of limitations as to married women, as to causes of action which had prior to that date accrued, placed them in the same position as if they were never excepted from the operation of the statute, with the exception that they were to have a reasonable time after the passage of the law in which to bring their suits; and it appearing from the evidence that appellee's cause of action accrued as early as 1884 and the suit not being filed until April 17, 1901, appellee delayed an unreasonable length of time, and was therefore barred by the statute of limitations. Williams v. Bradley, 67 S. W. Rep., 170; Boon v. Chamberlin, 82 Texas, 480; Revised Statutes of 1895, art. 3352; Greenlaw v. City of Dallas, 75 S. W. Rep., 812.

The charge of the court complained of is material and reversible error, because limitation against married women in the present case began April 1, 1895, that is from the time the Act was passed, and not from the time it took effect thereafter, and the bar was complete when the original petition was filed. Baker v. Compton, 52 Texas, 252; Riggs v. Hanrick, 59 Texas, 573; Biggs v. McBride, 17 Oregon, 646, 21 Pac. Rep., 880.

The charge of the court complained of is material and reversible error, because the proof shows that R. C. Beale took deed and deeds from joint tenants of the plaintiff, Mrs. Johnson, conveying the entire land in controversy, and under such deeds, which were duly recorded, he took possession of the land in controversy, rendered it for taxes, paid all taxes thereon and has continuously asserted title thereto openly against the claim of plaintiff, and notwithstanding these facts the court submits the question to the jury as to whether there was such a repudiation of the claim of the plaintiff, Mrs. Johnson, as would put the statute of limitations in motion. Church v. Waggoner, 78 Texas, 200; Pucket v. McDaniel, 8 Texas Civ. App., 630.

It being shown that the land in controversy was patented to the heirs of William Gilbert, and that the heirs, representing at least three-fourths interest in the Gilbert survey, had conveyed to R. C. Beale, and that

the possession of Beale and his widow, Mrs. Mills, had been continuous for more than three years, such conveyances constituted color of title, and the three years statute of limitation was applicable.  Griggsby v. May, 84 Texas, 240.

The verdict of the jury being incomplete and not conforming to the instruction of the court as to the life estate of Mrs. Wyatt, no judgment could be entered in favor of appellee against appellant for the life estate of Mrs. Wyatt, and the judgment of the court should therefore be reversed, because a jury has intervened and there is no verdict supporting the judgment rendered in the case.  Claiborne v. Tanner, 18 Texas, 78; Bledsoe v. Wills, 22 Texas, 651; Kuhlman v. Medlinka, 29 Texas, 385.

The charge of the court complained of is reversible error, because it permits the plaintiff to recover and to take her entire recovery out of the lands yet held by Mrs. Mills; while the plaintiff seeks to recover her interest in the entire survey against all of the defendants, and there was no service of the answers of the codefendants of Mrs. Mills, wherein they set up that they held warranties from Mrs. Mills and asked that the plaintiff be required to take her interest, in the event of recovery, entirely out of the lands yet held by Mrs. Mills.  Harris v. Schlinke, 95 Texas, 88.

*U. J. Cone, R. C. Fuller, P. H. Powell* and *Richard Mays,* for appellees Mary E. V. Johnson and L. A. Johnson.—Mrs. Johnson being under disability of coverture before and at the beginning of adverse possession, and continuously since, she had five years from July 29, 1896, in which to bring suit.  Anderson v. Wynne, 62 S. W. Rep., 119; Thompson v. McConnell, 107 Federal Rep., 33; Broom v. Pearson, 81 S. W. Rep., 753; Rev. Stats., art. 3352, sec. 3.

Adverse possession of the land in controversy having been taken by Mrs. Mills and her then husband, R. C. Beale, while both were resident citizens of Texas, Mrs. Mills' subsequent absence from the State, temporarily, as well as permanently, can not be computed or considered in arriving at the period of time required to complete the bar of the statute.  Ayers v. Henderson, 9 Texas, 539; Huff v. Crawford, 88 Texas, 374; Huff v. Crawford, 32 S. W. Rep., 594; O'Neal v. Clymer, 61 S. W. Rep., 546; Fisher v. Phelps, 21 Texas, 551; Phillips v. Holman, 26 Texas, 277.

There being no emergency clause to the Act of 1895, repealing the law exempting married women from the bar of limitation, it did not become operative or take effect until ninety days after the adjournment of the legislature.  Acts 1895, 24 Leg., chap. 30, p. 35; Constitution, art. 3, sec. 39; Scales v. Marshall, 96 Texas, 140; Missouri, K. & T. Ry. Co. v. McGlamory, 92 Texas, 150; Anderson v. Wynne, 62 S. W., 121.

When delay in obtaining service, either in person or by publication, is reasonably accounted for and explained, and the suit is filed in good faith, with intent to prosecute it to final judgment, the running of limitation will be suspended from the date of such filing.  Rev. Stats., art. 1177; Gulf, C. & S. F. Ry. v. Flatt, 36 S. W. Rep., 1029; Wigg v. Dooley, 66 S. W. Rep., 306; Gulf, C. & S. F. Ry. v. Knott, 14 Texas Civ. App., 159; Wood v. Gulf, C. & S. F. Ry., 15 Texas Civ. App., 322; Tribby v. Wokee, 74 Texas, 142.

Under the facts, the designation of defendant, in plaintiffs' original petition, as "the heirs at law of R. C. Beale," with the further allegation that "the heirs at law of R. C. Beale reside in ——— County, State of Virginia," was sufficient to stop the running of limitation in favor of Mrs. Mills from the date it was filed, on April 17, 1901. Rev. Stats., art. 1236; Prichard v. McCord, 71 S. W. Rep., 303; Middlebrook v. David Bradley Mfg. Co., 26 S. W. Rep., 113; 19 Am. & Eng. Ency. of Law, 2d ed., 260; Southern Pac. Ry. v. Graham, 12 Texas Civ. App., 570; Martinez v. Dragna, 73 S. W. Rep., 425; Middlebrook v. David Bradley Mfg. Co., 27 S. W. Rep., 169.

There was no error in refusing to charge upon the three year statute of limitation, because under the facts proven, appellants had neither "title" nor "color of title" to the one-fourth interest of Mrs. Johnson. Bartell v. Kelsey, 59 S. W. Rep., 633; Baldwin v. Root, 90 Texas, 547; Veramendi v. Hutchins, 48 Texas, 531; League v. Atchison, 6 Wall., 112; Thompson v. Cragg, 24 Texas, 598; Cole v. Grigsby, 89 Texas, 229; Cox v. Bray, 28 Texas, 262.

The existence of a life estate in Mrs. Wyatt being undisputed and not an issuable fact, the failure of the verdict to dispose of it in accordance with the directions of the charge, did not render the verdict incomplete nor deprive the court of the power to enter judgment thereon, nor was the court without power to enter judgment in favor of appellants for said life estate as against appellees. In any event, that part of the judgment of which complaint is made, being favorable to appellants, they can not complain. The judgment finds support in the verdict. The portion complained of may be treated as surplusage and expunged if necessary. Houston & T. C. Ry. Co. v. Weaver, 41 S. W. Rep., 847; Kinkler v. Junica, 84 Texas, 116; Missouri Pac. Ry. Co. v. Kingsbury, 25 S. W. Rep., 323; Stephens v. Anderson, 36 S. W. Rep., 1000.

*McClellan & Prince,* for appellees J. H. H. Burke and E. H. Lonon. —The deed of a cotenant conveying a specific part of the common property is not void, and a court of equity will set apart to such grantee the particular tract conveyed, if this can be done without injury to the other cotenants. Freeman on Partition, secs. 203, 205, 425; Furrh v. Winston, 66 Texas, 523; Wells v. Heddenburg, 30 S. W. Rep., 702; Osborn v. Osborn, 62 Texas, 495; Arnold v. Caudle, 49 Texas, 527.

Where one cotenant sells a specific part of the common land, equity will direct, if it can be done without injustice, that the part sold be set aside to the cotenant who sold it, thereby perfecting title in the purchaser from such cotenant, and in this case plaintiff below announced she would be willing for purchasers from appellant to be protected. Arnold v. Caudle, 49 Texas, 527, et seq.; Robinson v. McDonald, 62 Am. Dec., 484, note; Furrh v. Winston, 66 Texas, 522.

Service of the answer of these appellees, J. H. H. Burke and E. H. Lonon, on the appellant, Mrs. E. G. Mills, wherein they resisted the right of Mrs. M. E. V. Johnson to recover any of their land, because there was enough left unsold out of which she could be satisfied, was not necessary, nor was it necessary to serve her with such answers seeking recovery on her warranties, because she was a party to the suit, appeared and answered and furthermore waived service by seeking a severance

against all other defendants.　Kirby v. Estill, 75 Texas, 484; Sayles Statutes, art. 5252; Bryan v. Lund, 25 Texas, 98.

BOOKHOUT, ASSOCIATE JUSTICE.—May Elizabeth Verona Johnson, joined pro forma by her husband, L. A. Johnson, of Ashland County, Arkansas, brought this suit on April 17, 1901, in the District Court of Navarro County, to recover an undivided one-fourth interest in two surveys of land situated in Navarro County, Texas, patented July 13, 1858, to the heirs of William Gilbert.　One of the surveys contained 1920 acres and is known as the upper William Gilbert, and the other containing 640 acres is known as the lower William Gilbert survey.

William Gilbert came from Alabama to Texas at an early date and was killed in Fannin's massacre at Goliad, in 1836.　He died without issue, but left his father and mother, Josiah and Elizabeth Gilbert, surviving him, as well as two brothers and two sisters, J. L. J., Marion Albert, Mary and Catharine.　A third brother, Walter H. was killed with William at Goliad, leaving no issue.　Mrs. Johnson was the daughter and sole heir of Marion Albert Gilbert, who died intestate while in the Confederate army, as the result of wounds received in the battle of the Wilderness, in 1864, and she claimed the one-fourth interest in the land by inheritance from her father.

All of defendants claimed under and through purchase from J. L. J. Gilbert, Mary Harwell and Catherine E. Glover, now Mrs. Leonard. Defendants made no claim to the title and interest of Albert Gilbert unless they have acquired it by limitation from Mrs. Johnson.　Both Josiah and Elizabeth Gilbert, the father and mother of the Gilbert heirs, died prior to 1852.

For some time previous to 1880 both surveys were owned by the heirs of Thompkins who were litigating the title with the heirs of Fountain, and Judge R. C. Beale was attorney for the Thompkins' heirs.　Judge Beale acquired his interest in the land partly as a fee and the remainder by purchase.　There was a partition of all the lands in the summer of 1880 between the Thompkins heirs, being three girls, Lula, Effie and Jennie, and Judge Beale.　230 acres of the upper Gilbert survey was set apart to Lula H. Moore.　Judge Beale bought all the interest of the other two heirs, thus giving him ownership of all the lands except the Moore 230 acres and 100 acres now owned by Mrs. Ellen E. Read.　Some of the defendants claimed land upon the Moore tract, and the remainder upon the Beale holding.　Moore had no interest in the Beale lands, nor did Beale have any in the Moore land.

All of the contesting defendants filed answers in which they described by field notes the lands claimed by them respectively, and disclaimed all interest in the remainder.　Judgment was entered in favor of Mrs. Johnson, and against all defendants, for her one-fourth interest in the land.

The undisputed facts showed that Mrs. Johnson was entitled to one-fourth of the land by inheritance from her father, Albert Gilbert, and the court so charged.

An appeal was prosecuted by Mrs. Mills and her husband, who claim under the Beale holding, and W. N. Kenner, guardian, and the Texas Loan Agency, who claim under the Moore title.

It is contended by appellants under a proper assignment, that the effect of the Act of 1895 putting in operation the statute of limitations as to married women, as to causes of action which had prior to that date accrued, placed them in the same position as if they were never excepted from the operation of the statute, with the exception that they were to have a reasonable time after the passage of the law in which to bring their suits and it appearing from the evidence that appellee's cause of action accrued as early as 1884, and the suit not being filed until April 17, 1901, appellee delayed an unreasonable length of time and was therefore barred by the statute of limitations. We do not concur in this contention. The statute is not retroactive, and limitation did not begin to run until one year after the Act went into effect.

So far as the appellants, Mrs. Mills and husband, are concerned this contention does not arise. The undisputed evidence shows that Beale, under whom they derive title, did not take possession of the land until 1884, at which time the appellee Mrs. Johnson was a married woman and the statute of limitation did not run against her by reason of her coverture. When Beale and his wife, now Mrs. Mills, took possession of the land in 1884, they were citizens and residents of Texas. Judge Beale died in 1889 and Mrs. Beale permanently removed from Texas in 1890, since which time she married Mr. Mills, and has not been a citizen of Texas. When the statute of April 1, 1895, was passed and at the time it went into effect Mrs. Mills was a nonresident of Texas, and could not invoke the benefit of the statute of limitations, notwithstanding she had tenants in possession of the land and has paid all the taxes thereon. (Sayles Civ. Stat., art. 3367; Huff v. Crawford, 88 Texas, 374; Huff v. Crawford, 32 S. W. Rep., 594.)

There was evidence sufficient to raise the issue that possession was taken of the Moore tract by Moore, under whom the appellants, W. N. Kenner, guardian, and Texas Loan Agency derive title, in 1879 or 1880 and prior to the time of the marriage of Mrs. Johnson to her present husband, L. A. Johnson, which the evidence shows was on August 2, 1880 or 1881. There was also evidence to the effect that Moore did not take possession of and improve the land until 1882. The issue was submitted to the jury by the court and the verdict embraces a finding that Moore did not take possession of the land until after the marriage of the appellees. The statute of 1895 provides, "that limitation shall not begin to run against married women until they arrive at the age of twenty-one years; and, further, that their disability shall continue one year from and after the passage of this article, and that they shall have thereafter the same time allowed others by the provisions hereof." Appellant insists that this statute took effect from the time it was passed, and not ninety days after the Legislature adjourned. If it took effect from the time it was passed, April 1, 1895, then the plaintiffs were barred by the five years statute of limitation, when the suit was filed April 17, 1901, as to the land of appellants, W. N. Kenner, guardian, and Texas Loan Agency. We do not agree with this contention. The Act was approved April 1, 1895, and did not contain an emergency clause. The Legislature adjourned April 31, 1895. Gen. Laws, 1895, p. 230. The ninety days ended July 29, 1895, and the Act took effect July 30, 1895,

Acts of 24th Leg., chap. 30, Gen. Laws, 1895, p. 35; Const., art. 3, sec. 39.

The jury having found that the statute did not begin to run against Mrs. Johnson prior to her marriage and she being a married woman when the statute of 1895 took effect by the terms of that Act her disability of coverture continued for one year after its passage and she then had the same time to bring her suit allowed others by the laws of limitation. The statute began to run against her on July 30, 1896. This suit was begun on April 17, 1901, less than five years from the time the statute began to run against her. It is clear that she was not barred by the five years statute. (Rev. Stats., art. 3352, sec. 3; Anderson ·v. Wynne, 62 S. W. Rep., 119; Thompson v. McConnell, 107 Fed. Rep., 33; Broom ·v. Pearson, 81 S. W. Rep., 753.) This construction does not make the statute violative of the Constitution of the United States, as contended by appellant in that it discriminates unreasonably in favor of persons who are nonresidents of Texas, when adverse possession was taken, and against persons who are residents of Texas and afterwards became nonresidents before the statute was complete.

But it is contended that, it being shown that the land in controversy was patented to the heirs of William Gilbert, and that the heirs, representing at least three-fourths interest in the Gilbert survey, had conveyed to R. C. Beale, and that the possession of Beale and his widow, Mrs. Mills, had been continuous for more than three years, such conveyances constituted color of title, and the three years statute of limitation was applicable. The land in controversy was patented to the "heirs of William Gilbert." When William Gilbert was killed his mother and father, Elizabeth and Josiah Gilbert, were living and constituted his heirs at the date of ·the law granting lands to the heirs of those who were killed at Goliad. Upon the death of Josiah Gilbert and Elizabeth Gilbert, they left surviving them four children, to wit: J. L. J. Gilbert, Albert Gilbert, Catherine Gilbert (who married Doctor Glover and afterwards Louis Leonard) and Mary Gilbert, who afterwards married a man by the name of Harwell. Appellants claim under purchase from J. L. J. Gilbert, Mary Harwell and Catherine Glover, three of the heirs, but they make no claim to have ever purchased the interest of Albert Gilbert, nor do they connect themselves in any way with his title to an undivided one-fourth interest in the land. Appellee, Mrs. Johnson, is the sole surviving heir of Albert Gilbert. These facts show that the defendants had neither *title* nor *color of title* to the one-fourth interest in the two surveys inherited by Mrs. Johnson, and the three years statute of limitation did not apply. (Bartell v. Kelsey, 59 S. W. Rep., 633; Baldwin v. Root, 90 Texas, 547; Veramendi v. Hutchins, 48 Texas, 531; League v. Atchison, 6 Wall., 112; Thompson v. Cragg, 24 Texas, 598; Cole v. Grigsby, 89 Texas, 229; Cox v. Bray, 28 Texas, 262.)

The original petition did not by name make Mrs. Mills and husband parties to the suit. But they were sued under the designation of "heirs at law of R. C. Beale" in which name the property was rendered for taxes. On February 5, 1902, an amended petition was filed making Harry Mills and Mrs. Emma G. Mills parties defendant. It is clear under the facts that Mrs. Mills, formerly Mrs. Beale, can not claim the benefit of any of the statutes of limitation, even if she and her

husband were not parties under the designation of "heirs at law of R. C. Beale." They were made parties by the amended petition in 1902, and being nonresidents the statute of limitations did not run in their favor.

By the charge of the court attacked by the fifth assignment the issue as to whether the appellees' attorneys used reasonable diligence to ascertain who the heirs of R. C. Beale were and whether reasonable diligence had been used to get service on Mrs. Mills, was submitted to the jury for their determination. The charge by which this issue is submitted is complained of as not applying the law to the facts. If the charge was subject to criticism in this respect, and we do not think it is, the error is harmless, because the court would have been authorized under the undisputed facts to have instructed the jury that as to the claim of Mrs. Mills the plaintiffs were not barred by any of the statutes of limitation. These remarks apply to the fifth and sixth assignments and they are overruled.

The seventh paragraph of the charge submitted to the jury the issue as to whether Beale's claim and possession of the land was adverse and hostile to his codefendant, Mrs. Johnson, so as to put the statute of limitation in operation as against her title. This was an issue of fact for the determination of the jury, and we find no error in the charge. If there was error it could not avail Mrs. Mills. If it be true that Beale ousted Mrs. Johnson by taking deeds to the land in 1884 and causing the same to be recorded and paying all taxes on the land and that Mrs. Johnson's cause of action then accrued, yet she then being a married woman and protected by coverture and having remained so, and Mrs. Mills having permanently removed from Texas before the passage of the statute of 1895 she could not invoke the benefit of the statute as against appellees. These remarks also apply to the tenth assignment of error and the same is overruled.

The evidence showed that at the time of the trial Mrs. Wyatt the mother of plaintiff, Mrs. Johnson, inherited a life estate of one-third in the one-fourth interest in the land claimed by Mrs. Johnson. Mrs. Wyatt was not a party to the suit. Appellants did not in their pleadings set up any rights to Mrs. Wyatt's life estate; nor did they ask or make any effort to have Mrs. Wyatt brought in as a party defendant. There was no dispute as to the existence of this estate, and it further appeared that Mrs. Wyatt was barred by limitation. The court instructed the jury as to this life estate to find in favor of defendants. There was no finding by the jury as to the life estate. The court entered judgment in favor of defendants for this estate. These facts being undisputed, the failure of the verdict to dispose of the life estate in accordance with the charge did not render the verdict incomplete, nor was the court without power to enter judgment on the verdict. The judgment as to this interest is favorable to appellants and they are in no condition to complain. (Houston & T. C. Ry. Co. v. Weaver, 41 S. W. Rep., 847; Kinkler v. Junica, 84 Texas, 116; Missouri Pac. Ry. Co. v. Kingsbury, 25 S. W. Rep., 323; Stephens v. Anderson, 36 S. W. Rep., 1000.)

The fourteenth assignment complains of the action of the court in refusing a special charge requested by the attorneys for defendants,

Lonon and Burke.  Neither of these parties has appealed.  The charge was not requested by either of the appellants.  We are not authorized to consider the assignment.

Appellant's fifteenth assignment assails the paragraph of the charge reading:  "That at one time R. C. Beale and his wife, now Mrs. E. G. Mills, owned a three-fourths interest in all the land except the 232 acres claimed by the defendants, McCuiston, Bailey, Millers and Texas Loan Agency, from and under Lula Moore and her husband, John T. Moore, and said Beale and wife had the right to convey in severalty three-fourths of the land held by them, provided that in so doing they should not prejudice the rights of their cotenant, Mrs. Johnson, in the fair partition of the land, and the conveyances made by Beale and Mrs. Beale to the defendants holding under them vested title in them subject only to the rights of Mrs. Johnson to partition; and if you find under instructions to follow, that plaintiffs are entitled to recover out of the lands yet held by Mrs. Mills enough to make in value and kind her one-fourth of all the lands originally held by Beale, you will so say by your verdict, and in such event you will so say that the other defendants holding under Beale and wife are entitled to the several parcels held by them respectively, and that plaintiffs are entitled to have and recover the lands held by Mrs. Mills the one-fourth of Mrs. Johnson in said lands originally held by Beale; but if you find that plaintiffs' claim to the Beale lands is barred by reason of limitation, as hereafter explained, then you will find for the defendants, Mills, under their pleas of limitation."  It is contended that the charge is erroneous, because it permits the plaintiff to recover and to take her entire recovery out of the lands yet held by Mrs. Mills; while the plaintiff seeks to recover her interest in the entire survey against all of the defendants, and there was no service of the answers of the co-defendants of Mrs. Mills, wherein they set up that they held warranties from Mrs. Mills and asked that the plaintiff be required to take her interest, in the event of recovery, entirely out of the lands yet held by Mrs. Mills.

The plaintiff by her amended petition, filed February 5, 1902, sought to recover a one-fourth undivided interest in the entire Gilbert surveys, and sought this recovery against all of the defendants, and not simply Mrs. Mills.  The various defendants in the court below, among other matters and pleas, set up that they held by warranty deed the land involved, executed by R. C. Beale and by Mrs. Beale, now Mrs. Mills, and asked for recovery on the warranties in the event the plaintiff succeeded in establishing her title.  They further set up that the land yet held by Mrs. Mills was sufficient in quantity and quality to satisfy plaintiff's demand, and asked in the event of recovery by plaintiff that the plaintiff's recovery be satisfied out of the lands still owned by Mrs. Mills, and that their warranties be satisfied in that way.  Mrs. Mills filed her amended answer November 30, 1903.  And in addition to the general and special exceptions and pleas of limitation, also set up improvements in good faith, and disclaimed as to the lands held by the other defendants.  Appellant, Mrs. Mills, was not served with citation on the answer of these appellees setting up the defense that Mrs. Johnson should be compelled to take her recovery out of the land

that Mrs. Mills still held, or on the alternative plea seeking a recovery on the warranties as aforesaid. But appellant, Mrs. Mills, and her husband were made parties defendants February 5, 1902, and they filed their original answer March 17, 1902, their first amended answer October 8, 1903, and went to trial on December 5, 1905, without demurrer or exception, and took no bills of exception to the introduction of the evidence on the issues raised by these appellees. Thus, it is seen that Mrs. Mills had appeared and answered in the case and that during the trial no objection was taken by her to the evidence that all the land was uniform in quality and value and that she still owned a sufficient number of acres to make good her several warranties. Under these facts she will not now be heard to complain that she was not served with notice of the pleadings of her codefendants, setting up her warranty and seeking an adjustment of equities. Bryan' v. Lund, 25 Texas, 98; Kirby v. Estill, 75 Texas, 484. The appellee, Mrs. Johnson, in the trial court announced in open court that she was willing to take any recovery by her out of the land still claimed by appellant. The jury found that all the land in the Gilbert surveys was of uniform value, and that the appellant, Mrs. Mills, still held 1199 acres, an amount far in excess of what is necessary to satisfy Mrs. Johnson on her recovery.

The deed of a cotenant conveying a specific part of the joint property is not void, and a court of equity will set apart to the grantee in such deed the particular tract conveyed, if this can be done without prejudice to the other cotenants. ' When the warranty deeds were executed to the respective appellees for a specific portion of the land, the vendor therein, Mrs. Mills, was a codefendant with the appellee, Mrs. Johnson.' It appearing that all the land was of like quality and value and that Mrs. Mills owns a sufficient number of acres to make good to her vendees upon her warranty, the full number of acres conveyed by her, the court was authorized in the exercise of its equitable powers to require that Mrs. Johnson's recovery should be taken out of the land owned by Mrs. Mills, and that the purchasers from Mrs. Mills under warranty deed be protected in the title and possession of the respective tracts so purchased. (Furrh v. Winston, 66 Texas, 523; Wells v. Heddenburg, 30 S. W. Rep., 702; Osborn v. Osborn, 62 Texas, 495; Arnold v. Caudle, 49 Texas, 527.) This is the effect of the judgment and the same is correct.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*

Writ of error refused.