SMITH v. FIRST NAT. BANK OF WACO
et al. (No. 5646.)

(Court of Civil Appeals of Texas. Austin. May 17, 1916.)

1. APPEARANCE ⬤⟞4—FILING PLEA—WAIVER OF TIME OF ANSWERING.

Where suit is brought to a term too late for service at that term, defendant waives his right not to answer at that term by filing a plea of privilege before adjournment of the term, under Rev. St. 1911, art. 1882, providing that filing answer shall constitute an appearance of a defendant so as to dispense with necessity for the issuance or service of citation upon him.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 12–14; Dec. Dig. ⬤⟞4.]

2. VENUE ⬤⟞32(2)—RESIDENCE—WAIVER.

Where defendant, through no fault of the clerk or plaintiff or his attorneys, fails to call the court's attention to a plea of privilege at the term at which filed, and it appears there was time for the court to have passed on it if presented, and the case is not continued without prejudice to such plea, he waives his right to have the plea passed on by the court at a subsequent term, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1910, providing that pleas to the jurisdiction and other dilatory pleas not involving the merits shall be determined at the term at which filed, if the business of the court permits, and rule 24 for the government of district and county courts (142 S. W. xix) that such pleas shall be tried at the first term at which the attention of the court shall be called to them, unless passed by agreement of parties with consent of the court.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 49; Dec. Dig. ⬤⟞32(2).]

3. VENUE ⬤⟞32(2)—RESIDENCE—WAIVER.

In such case an amended plea of privilege cannot be filed at a subsequent term to which the case has been continued.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 49; Dec. Dig. ⬤⟞32(2).]

Appeal from McLennan County Court; Geo. N. Denton, Judge.

Action by the First National Bank of Waco against A. M. Smith and another. From a judgment for plaintiff, the named defendant appeals. Affirmed.

Hall & Barclay, of Wharton, for appellant. Howard D. McElroy, of Waco, for appellees.

RICE, J. This suit was brought by the First National Bank of Waco against the Waco Mill & Elevator Company, a private corporation, and appellant, who was a resident citizen of Wharton county, to enforce the payment of a draft for $315, drawn by the Mill & Elevator Company upon appellant and indorsed by that company to the bank, who advanced the money thereon to it. The bank afterwards, by due course of mail,

forwarded the draft for collection against appellant, who, when presented, refused to pay same. Upon its return the bank undertook to charge the draft against the account of the Mill & Elevator Company (who had funds on deposit in excess of such amount), who declined to permit it to do so.

The suit was brought to the May term of the county court, but too late for service at that term. On the 9th of June appellant filed his plea of privilege to be sued in Wharton, the county of his residence. The May term of the county court adjourned on the 19th of June. This plea of privilege was not called to the attention of the court, nor any order of any character made in reference thereto, though there was sufficient time before adjournment for the court to have passed thereon. The next succeeding term of said court began on the first Monday in July, and prior thereto appellant's counsel wrote the clerk of said court asking when the next term of the county court of McLennan county would convene, and was promptly informed that it would commence on the first Monday in July. On the 10th of July appellant filed his amended plea of privilege in said court. On appearance day the case was set for trial on the 14th of July, at which time no mention was made of appellant's plea of privilege; and when called for trial appellees made motions to strike out both said pleas of privilege, the first on the ground that it was filed during the May term of the court, and not called to the attention of the court during that term, although the court had time and the condition of the docket was such that it could have been heard and determined by the court, if attention had been called thereto, and the second to strike out the amended plea of privilege, for the reason that it had been filed after the case had been continued for the May term of court, both of which motions were by the court sustained, and, the appellant declining to plead to the merits of the case, the court heard evidence and rendered judgment in favor of the First National Bank against the Mill & Elevator Company and appellant for the sum of $315, with interest at the rate of 6 per cent. per annum from April 7, 1915, together with all costs of court, providing that execution should first issue against appellant, and only against the Mill & Elevator Company in the event the judgment should not be satisfied out of the property of appellant, from which action of the court appellant prosecutes this appeal.

[1-3] Notwithstanding appellant was not required to answer at the May term, he waived his right by the filing of his plea of privilege. See article 1882, Rev. Stat. 1911. Having failed to call the attention of the court to this plea at that term, it appearing that there was sufficient time for the court to have passed upon it if it had been presented, and the case not being continued

without prejudice to such plea, it must be held, under the authority of article 1910, vol. 2, Vernon's Sayles' Revised Civil Statutes, and rule 24 for the government of district and county courts (see 142 S. W. xix), that the action of the court in striking out same was correct, and appellant therefore had waived his right to have the same passed upon at a subsequent term of the court. Under the authority of Harris Millinery Co. v. Melcher, 142 S. W. 100, which is on all fours with the case at bar, we hold that the action of the court in striking out appellant's plea of privilege was not error; and, appellant failing to answer to the merits, judgment was properly rendered against him upon the proof submitted.

If appellant or his attorneys had been misled as to the convening of the court by appellees or their attorneys, or any unfair advantage of any character taken of him to his prejudice with reference to such pleas, it might be reason for holding that the judgment was improperly rendered. It is true that appellant's counsel assert that they were under belief that the May term of court had adjourned before they filed their plea of privilege. There is nothing in the record, however, to show that such impression was based upon the answer of the clerk to their letter; nor was such impression created by any action or conduct upon the part of appellees or their attorneys; hence no ground of complaint on this score can be urged.

Finding no error in the proceedings of the trial court, its judgment is in all things affirmed.

Affirmed.