CRUZ et al. v. TEXAS GLASS & PAINT CO. (No. 5925.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 5, 1917. On Motion for Rehearing, Jan. 9, 1918.)

1. EVIDENCE ⊂⇒41—JUDICIAL NOTICE—TERMS OF COURT.
    Judicial notice will be taken that several terms of the Bexar county district court must have been held during two years.

2. APPEAL AND ERROR ⊂⇒500(1)—RECORD—PLEAS OF PRIVILEGE—WAIVER.
    Where the record does not indicate that pleas of privilege were called to court's attention during two years, they will be considered waived.

3. VENUE ⊂⇒32(2) — JURISDICTION — ADMISSIONS.
    Defendants who filed a plea of privilege admitted the court's jurisdiction by making a settlement with the original plaintiff.

4. PARTIES ⊂⇒75(3)—INTERVENTION—WAIVER.
    Failure to notify a defendant of an intervention is waived, where not raised until after the trial.

5. MECHANICS' LIENS ⊂⇒264(2) — INTERVENTION—EFFECT.
    A mechanic's lien defendant, who answered the original petition, was bound to take notice of materialman's intervention.

6. MECHANICS' LIENS ⊂⇒132(8) — ACCOUNT AND AFFIDAVIT—TIME FOR FILING.
    A mechanic's lien account and affidavit, filed within 90 days after delivery of plate glass, sent to replace glass broken on a former shipment, held filed within 90 days after the last delivery, as required by Rev. St. art. 5636.

7. EVIDENCE ⊂⇒179(2) — SECONDARY EVIDENCE—CONTROL OF ORIGINAL.
    Admitting testimony that notices of mechanic's lien claims had been mailed to the property owner, held not erroneous, where the mailing was shown by registered mail return receipts, and originals were found in possession of defendant property owner or his agent.

On Motion for Rehearing.

8. VENUE ⊂⇒32(2) — PLEA OF PRIVILEGE—WAIVER.
    A plea of privilege is waived, where no action was taken during the term in which it was filed, and it was not continued without prejudice.

9. VENUE ⊂⇒22(1)—DEFENDANT'S RESIDENCE—MECHANIC'S LIEN ACTION.
    In a mechanic's lien action, defendant contractor's residence gave the court jurisdiction as against pleas of privilege filed by other defendants.

10. COURTS ⊂⇒30 — JURISDICTION—REMOVAL OF DEFENDANT.
    A mechanic's lien defendant cannot destroy the court's jurisdiction, which had attached to him, by leaving the state and instructing his attorney to make no further defense.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Mechanic's lien action by the Alamo Iron Works against Eduardo Cruz and others, in which the Texas Glass & Paint Company and others intervened. Judgment for the named intervener, and defendants appeal. Affirmed, and motion for rehearing overruled.

A. Winslow, of Laredo, and Ryan & Matlock, of San Antonio, for appellants. Hertzberg, Kercheville & Thomson, of San Antonio, for appellee.

FLY, C. J. The Alamo Iron Works instituted suit against N. S. Brown and Eduardo Cruz, alleging that the plaintiff had sold to N. S. Brown certain goods, wares, and merchandise of the value of $701.37, to be used in the construction of a certain building in Laredo, Tex., belonging to Cruz, which was being constructed by Brown for him. Cruz filed a plea of privilege to be sued in Webb county, and also answered on same date, claiming not to waive his plea of privilege, and admitted that he had a contract with Brown to build his house, but that he had not received any notice of the claim from the plaintiff, and was not indebted to Brown in any sum. Brown also answered in the case. In a supplemental petition the plaintiff prayed that John O. Buenz, a surety on a bond given by Brown to Cruz for the faithful performance of the building contract, be made a party. Joseph Dean intervened. Buenz pleaded his privilege to be sued in Webb county, and also answered denying liability.

The suit was filed on February 12, 1914, and on November 4, 1914, appellee filed a plea of intervention alleging that it had furnished certain materials to N. S. Brown to be used, and which were used, in the construction of the certain building in Laredo belonging to Cruz, which is fully described; that Cruz was indebted to Brown, and the goods were furnished under and by virtue of a contract between Brown and Cruz; that Brown had given to Cruz a bond, with John O. Buenz as surety, for the faithful performance of his contract, which by its terms inured to the benefit of intervener; that Brown defaulted and breached his contract, and that appellee had given Cruz due notice at the time and in the manner required by law of its claim and had fixed its statutory lien against Cruz. The court dismissed the cause as to the Alamo Iron Works, the original plaintiff, and Dean, an intervener, overruled exceptions to the pleas of privilege, overruled the pleas of privilege, and on same day the cause was tried on its merits as between Brown and Cruz and appellee, and upon the verdict of a jury for $1,147 in favor of appellee and the finding in favor of a lien for material, the court rendered judgment in favor of appellee for that sum as against Brown and Buenz and the foreclosure of the lien indicated as against the property of Cruz, and in favor of Cruz over against Buenz, surety on the bond given by Brown. The judgment was corrected so as to show that Brown was not served with a notice of the intervention of appellee, and did not appear in the trial of the cause; the only appearance he made in the cause being through his answer filed in reply to the petition of the Alamo Iron Works.

The first six assignments of error consume over one-half of the printed brief of appellants consisting of 92 pages, and are devoted to the pleas of privilege and the conditions arising therefrom on account of the failure to notify Brown of the intervention of appellee.

[1-3] The record fails to show that any disposition was ever made of the pleas of privilege of Cruz and Brown filed as against the original plaintiff; the only action, on pleas of privilege, being taken after the Alamo Iron Works and Dean had on their own motion been dismissed from the suit. The suit was filed on February 12, 1914, the first plea of privilege of Cruz was filed on April 6, 1914, and that of Buenz on May 22, 1914. Appellee intervened on November 4, 1914, and at that time, according to the record, no action had been taken to the pleas of privilege in the original case, nor was it ever taken, although the trial did not take place until December 5, 1916, more than two years after the pleas of privilege were filed in the original case, and more than two years after appellee intervened. This court judicially knows that a number of terms of the district court of Bexar county must have been held during the time this cause was pending, and in the absence of anything in the record to show that the pleas of privilege were ever called to the attention of the court in the original case, or ever called to the attention of the court for two years in the intervention suit, the pleas will be regarded to have been waived. There is nothing in the record that indicates that action by the trial court on the pleas of privilege was sought by appellants until the final trial of the cause, and the pleas will be deemed to have been waived. Aldridge v. Webb, 92 Tex. 122, 46 S. W. 224; Watson v. Mirike, 25 Tex. Civ. App. 527, 61 S. W. 538; Railway v. Parsons, 109 S. W. 240; Smith v. Bank, 187 S. W. 233. The court was justified in overruling the pleas on the ground of waiver, and, as we believe, on the merits of the pleas had they been properly presented. The jurisdiction of the court was admitted by a settlement with the original plaintiff and intervener, and the cause dismissed by them.

[4] Appellants showed, and insist in their brief, that Brown was insolvent and had permanently removed from the state, when the petition in intervention was filed, and such being the case he was not a necessary party to the intervention. No complaint of any kind was made of the failure to notify Brown and bring him into the suit, until after the trial. The objection was waived. Sellers v. Puckett, 180 S. W. 639.

[5] Brown had answered the original petition filed in the suit, and he was for all purposes before the court and was bound to take notice of the intervention of appellee. Bryan v. Lund, 25 Tex. 98; Jordan v. Corley, 42 Tex. 284; Kirby v. Estill, 75 Tex. 484, 12 S. W. 807; Roller v. Reid, 87 Tex. 69, 26 S. W. 1060; Beale's Heirs v. Johnson, 45 Tex. Civ. App. 119, 99 S. W. 1045; Vernor v. Sullivan, 126 S. W. 641; Sullivan v. Doyle (Sup.) 194 S. W. 136. These cases are directly in point and the fact that Brown may not have prosecuted his answer, but left the state, does not differentiate this case from those cited. It did not matter whether he had abandoned his defense and the state; his answer had been filed, and he had made his appearance in the case. He was bound by the intervention. The case of Harris v. Schlinke, 95 Tex. 88, 65 S. W. 172, is not in conflict with the decisions cited herein. Hart v. Hunter, 52 Tex. Civ. App. 75, 114 S. W. 882. We have seen no case holding that where a defendant has filed an answer it is necessary to notify him of the filing of an intervention plea. The principle enunciated in Bryan v. Lund, 25 Tex. 98, has often approved. In the last edition of Townes, Texas Pleading, p. 295, it is asserted that:

"The order of the court granting leave to intervene is notice of the intervention to all parties then before the court."

All parties are before the court who have filed pleadings therein.

There was no denial of Brown's liability on the account, which was the basis of appellee's suit; it could not be controverted that he had a contract with Cruz to erect his building; the evidence showed notice within the statutory time to Cruz; there was no conflict in the evidence as to Buenz having been a surety on a certain bond which had been breached by Brown; and the evidence showed beyond doubt and without denial that a surplus of $1,256.83, after paying other debts, was turned over by Cruz to Buenz. Buenz nor Cruz made an attempt to show what was done with that money. No special charges were requested by appellants. The seventh, eighth, and ninth assignments are overruled.

[6] The tenth assignment, as well as the seventh, eighth, and ninth assignments, could not, if sustained, affect the liability of Buenz on the bond, but apply only to the liability of Cruz on the lien for material. The account and affidavit were filed within 90 days from the delivery of the last material, which, under the statute, was the time of accrual of the indebtedness. It is true that the last material delivered was plate glass which was sent to replace glass broken on a former shipment, but it was delivered, was material, and was the last delivery. Rev. Stats. art. 5636.

The eleventh assignment of error is without merit and is overruled. It is not followed by proposition or statement, but, if it were, the assignment of error is founded on an assumption that is directly in the face of the testimony.

The account and affidavit substantially followed the statute, and the twelfth assignment of error is overruled. The notice was given within the 90 days, the account and affidavit were filed within the same time, and the statute created the lien.

[7] The thirteenth assignment of error assails the action of the court in admitting testimony to the effect that letters, containing a notice of the claim against the contractor, had been mailed to Cruz and his agent. The objection is without merit, if for no other reason because the originals were found in the possession of Cruz or his agent, Ryan. We think the evidence of mailing was sufficient. Cruz did not deny receiving the notice either through his answer or on the stand as a witness. The evidence showed that Ryan was acting as the agent of Cruz in building the house. The notice to Cruz was registered in the post office at San Antonio, and a card was returned through the mail showing a receipt by Cruz of the notice. The evidence shows beyond doubt that Cruz was given proper statutory notice of the indebtedness of Brown for material to appellee. The thirteenth and fourteenth assignments of error are overruled.

The fifteenth assignment of error is without merit. The last item furnished the contractor by appellee was sent on November 29, 1913, and the notice was sent on February 3, 1914, less than 90 days from date of the last shipment. The evidence showed without contradiction that Brown bought the material from appellee; that it was used in erecting a building for appellant Cruz; that he was fully notified of the fact that the material had been bought by Brown and had been used in the construction of his house; that when so notified he had more than enough of the contract price of the building in his hands to pay the account of appellee, but did not pay it; that he had taken a bond from Brown with Buenz as surety for the performance of the building contract, and which bond inured to the benefit of appellee. Appellants are justly indebted to appellee in the sum found by the trial court.

The judgment is affirmed.

On Motion for Rehearing.

[8, 9] Buenz filed his plea of privilege on May 22, 1914, being the April term of the court. No action was had on the plea at that term, and it was not continued without prejudice. The plea was thereby waived. Both pleas of privilege were filed before appellee intervened in the case, and although the plaintiff was dismissed from the suit, as well as the other interveners, the pleas were not renewed after appellee entered the suit, and, as stated in our former opinion, no action was taken on the pleas of privilege as between the original parties. Some inaccuracies crept into that opinion on the subject of the plea of Cruz, but whether the pleas were waived or not, Brown's residence in Bexar county was sufficient ground to give the court jurisdiction of the cause, and the pleas were properly overruled.

[10] The jurisdiction of the court having attached, Brown could not destroy it by leaving the state and instructing his attorney not to further prosecute his defense. He was a proper party to the original suit, he answered in the suit, and was in it until the final judgment. It is absurd and unreasonable to contend that a defendant can take himself out of court by informing his attorney that he did not intend to further defend in the cause. Jurisdiction cannot be defeated on any such secret agreement between attorney and client. The record fails to disclose the dismissal of Brown from the case, and it would be a very anomalous proceeding to permit a defendant to withdraw from a case against him. All defendants would withdraw, if such a rule were established. No rule is better settled in Texas than that a defendant who has answered in a case is bound to take notice of the petition of interveners. In Bryan v. Lund, 25 Tex. 98, the defendant had not answered,

and the court held that he should be notified of an intervention, but said further:

"If Bryan had answered to the suit of Lund, he would then have been considered as before the court, and as bound to take notice of the petition of interveners."

In the case of Fleming v. Seeligson, 57 Tex. 524, it was held:

"It is the practice to require the original parties who were properly before the court to take notice at their peril of a petition for intervention filed by leave of the court."

To the same effect is Roller v. Reid, 87 Tex. 69, 26 S. W. 1060. This rule has been reiterated by the Supreme Court in the late case of Sullivan v. Doyle, 194 S. W. 136. The court said:

"Having entered his appearance in the main case, McKinley was before the court for all purposes, and Doyle was entitled to judgment against him upon his cross-action, without the necessity of citation."

The contract between Brown, the contractor, and appellee was that all material was to be shipped to Laredo and delivery made there. Two plate glasses were broken in shipment, and were not delivered, and appellee on November 29, 1913, shipped two others to replace those broken. The shipment and delivery were made at a date within 90 days of the time when the notice was given. Articles 5623 and 5636, Rev. Stats. The last two plate glasses were not delivered on the first shipment because they were broken, and the delivery was not made until the second shipment of plate glass arrived in Laredo. There is no room for a reasonable discussion of this proposition.

There is no merit in the motion for rehearing, and it is overruled.